24

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JAMEAL THOMAS,**

Plantiff,

Case: 2:07-cv-13396
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 08-15-2007 At 08:40 AM
cmp THOMAS V. RUBITSCHUN, ET AL (TA M)

- vs -

**JOHN S. RUBITSCHUN,** Chairman, Michigan Parole Board, **BARBARA S. SAMPSON,** Successor Chairman Michigan Parole Board, **JAMES QUINLAN,** Member, Michigan Parole Board, **MIGUEL BERRIOS,** Member Michigan Parole Board, **JAMES ATTERBERRY,** Member Michigan Parole Board, in their official and individual capacities,

Defendants.

---

Jameal Thomas #309330
Plantiff, in Propria Persona
Hiawatha Correctional Facility
4533 W. Industrial Park Dr.
Kincheloe, Michigan 49786-0001
(906) 495-5661

---

Michael A. Cox (P43039)
Michigan Attorney General
Attorney for Defendants
P.O. Box 30217
Lansing, Michigan 48913
(517) 373-1110

---

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Jameal Thomas, proceeding in propria persona, for his Complaint says:

## I. INTRODUCTION

1. This is a civil rights action seeking declaratory and injunctive relief and is brought on behalf of Plaintiff Jameal Thomas, a citizen of the State of Michigan who is currently incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 to enjoin defendant officials of the Michigan Department of Corrections and Michigan Parole Board from conducting his parole interview in a manner that violates his rights to due process of law under the Fifth and Fourteenth Amendments.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Exhaustion in this matter is not required since MDOC Policy Directive governing parole decisions prohibits grieving parole board decision under the circumstances presented in this Complaint. PD 06.05.106 (II) (U).

## III. PREVIOUS LAWSUITS BY PLAINTIFF

3. Plaintiff has filed no other lawsuit dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## IV. JURISDICTION

4. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fifth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331 (federal question) and 1343 (civil rights) and the aforementioned constitutional provisions. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure, Rule 57.

## V. VENUE

5. Venue lies properly in this Court pursuant to 28 U.S.C. Section 1391 (b) (1), because Plaintiff resides in this District (City of Detroit) and because "a substantial part of the events or omissions giving rise to the claim" occurred in this District. Plaintiff's first parole board interview took place in Jackson, Michigan, on June 20, 2005.

## VI. PARTIES

6. Plaintiff Jameal Thomas is a thirty-five (35) year old individual who is a resident of the State of Michigan and is currently at the Hiawatha Correctional Facility in Kincheloe, Michigan.

7. Defendants John Rubitschun, Barbara S. Sampson, James Quinlan, Miguel Berrios and James Atterberry are members of the Michigan Parole Board and appointed pursuant to the provisions of MCL 791.231a (1), and a prisoner sentenced to an indeterminate sentence and confined in a state correctional facility with a minimum in terms of years shall be subject to the jurisdiction of the Parole Board when the prisoner has served a period of time equal to the minimum sentence imposed by the Court for the crime of which he or she was convicted, less good time and disciplinary credits, if applicable. MCL 791.234 (1); MSA 28.2304 (1).

8. As Chairman and successor Chairman of the Michigan Parole Board Defendants Rubitschun and Sampson are directly responsible for the administration and operation of the Michigan Parole Board. MCL 791.231 a (4).

## VII. ALLEGATIONS OF FACTS

9. On February 9, 2000, Plaintiff pled guilty to the charges of seven counts of STEALING/RETAINING a FINANCIAL TRANSACTION DEVICE, MCL 750.

157N1; MSA 28.356, two counts of ILELGAL SALE/USE of a FINANCIAL TRANSACTION DEVICE, MCL 750. 157Q; MSA 28.354 (16), and one count of CONDUCTING A CRIMINAL ENTERPRISE, MCL 750.159I1; MSA 28.354 (14), in the Oakland County Circuit Court.

10. On April 1, 2000, Plaintiff was arrested and charged with 1st Degree Murder and Felony-firearm in connection with the shooting death of his youngest child's mother in the City of Detroit, County of Wayne.

11. On April 14, 2000 in Oakland County Circuit Court, Plaintiff was sentenced to serve 13-20 years in prison for the Conducting a Criminal Enterprise charge and 1-4 years on the remaining charges, all to be run concurrent.

12. On April 20, 2001 Plaintiff was re-sentenced in Oakland County Circuit Court to a lesser term of imprisonment of 5-20 years in prison on the Conducting a Criminal Enterprise charge, run concurrent to the 1-4 year sentences on the remaining counts.

13. On August 28, 2001 in Wayne County Circuit Court, Plaintiff was acquitted by a jury of the 1st Degree Murder charge as it related to the shooting death of his youngest child's mother and found guilty of Felony-firearm. See Exhibit **A**, Order of Acquittal.

14. On June 20, 2005 in Jackson, Michigan a single Parole Board member, Enid Livingston, conducted a parole board interview with Plaintiff.

15. At the interview, Mrs. Livingston discussed Plaintiff's offense, remorse relating to the crime, and plan for release from prison if granted parole release.

16. Plaintiff indicated that he accepted full responsibility for his actions and expressed considerable contrition for his actions and the victims involved in his crime.

17. At the conclusion of the interview, Mrs. Livingston asked Plaintiff if he had been acquitted of the 1st Degree murder charge, Plaintiff responded "yes," Mrs. Livingston then informed Plaintiff that he should be notified of a decision within 45 days.

18. On July 1, 2005, Plaintiff received through the institutional mail delivery system, from Defendants', a "Parole Board Notice of Decision" form continuing his incarceration and reconsideration date to August 18, 2007. This parole board notice of decision was signed by Defendant's James Quinlan and Miguel Berrios. See Exhibit **B**, Parole Board Notice of Decision (2005).

19. On the Parole Board Notice of Decision form, under the heading "Crime and Criminal Behavior," it reads "The Assaultive crime: Resulted in loss of life, Showed intent to permanently injure, Involved a family member or acquaintance, Involved the touching with or discharge of a weapon." See Exhibit **B**, Parole Board Notice of Decision (2005).

20. This information concerning "Crime and Criminal Behavior," and the Loss of life, Intent to permanently injure, Involved a family member or acquaintance, Involved the touching with or discharge of a weapon, was used as reason to deny parole release.

21. On April 20, 2007, a single Parole Board member, John Schlinker, conducted a second parole board interview with Plaintiff in Kincheloe, Michigan.

22. At the interview, Mr. Schlinker discussed Plaintiff's bank fraud convictions. When Plaintiff attempted to interject during the interview his concerns regarding the Parole Board's past use of a murder charge that he was acquitted of by a jury in denying

parole, Mr. Schlinker advised Plaintiff that he was aware of the acquittal on the murder charge and that he was innocent in his eyes and that there was no reason to discuss that charge. At the close of the interview, Mr. Schlinker informed Plaintiff that he would received a decision within 45 days.

23. On or about May 25, 2007 Plaintiff received through the institutional mail delivery system from defendants, a "Parole Board Notice of Decision" form, continuing Plaintiff's incarceration for another twenty-four (24) months and with a reconsideration date of August 17, 2009. This parole board notice of decision was signed by Defendant's Miguel Berrios and James Attterberry. See Exhibit C, Parole Board Notice of Decision (2007).

24. On the Parole Board Notice of Decision form under "Crime and Criminal Behavior," it reads, "The Assaultive crime: Resulted in loss of life, Involved a family member or acquaintance, Involved the touching with or discharge of a weapon, Showed intent to permanently injure." All these reasons in support of the Parole Board's reason for denying parole are in direct reference to the murder charge, of which Plaintiff was acquitted. See Exhibit C, Parole Board Notice of Decision (2007).

25. Also on the Parole Board Notice of Decision form under "Crime and Criminal Behavior," it reads, "The Property crime: Was associated with violence, Involved the presence of a weapon (s), Shows betrayal of trust, placed the victim in physical danger." See Exhibit C, Parole Board Notice of Decision (2007).

26. This information listed under "Crime and Criminal Behavior, the property crime," are all inaccurate and false, because Plaintiff's "property crime" involved bank fraud, primarily for using illegally obtained credit cards, a low level property offense

where no weapons were present, was not associated with violence, and did not place victims in danger.

27. This information concerning Plaintiff's property crime, that it was "associated with violence," "involved the presence of a weapon (s)," "shows betrayal of trust," and "placed the victim in physical danger," was used as a reason to deny parole release.

28. Defendant's are cavalier in their attitude of conducting Plaintiff's parole board interviews in a manner which violates his right to due process.

## VIII. COUNT ONE: FAILURE TO COMPLY WITH MCL 791,235 (3) (B) – DENIAL OF DUE PROCESS

29. Plaintiff hereby incorporates by reference and re-alleges each and every paragraph above and further states as follows:

30. MCL 791. 235 (3) (b), states:

> The parole board may consider but shall not base a determination to deny parole solely on either of the following: (b) Prior arrest not resulting in conviction or adjudication of delinquency.

31. According to the Parole Board Notice of Decision form, the Defendants made a decision to deny Plaintiff parole based on a murder charge he was acquitted of, contrary to MCL 791.235 (3) (b). See Exhibit **A**, Order of Acquittal and Exhibit **B**, Parole Board Notice of Decision (2005).

32. Failure to comply with MCL 791.235 (3) (b), violates Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.S. Section 1983.

## VIX. COUNT TWO: FAILURE TO COMPLY WITH MCL 791.235 (3) (B) – DENIAL OF DUE PROCESS REGARDING SECOND PAROLE BOARD DECISION

33. Plaintiff hereby incorporates by reference and re-alleges each and every paragraph above and further states as follows:

34. MCL 791. 235 (3) (b), states:

> The parole board may consider but shall not based a determination to deny parole solely on either of the following: (b) Prior arrest not resulting in conviction or adjudication of delinquency.

35. According to the Second Parole Board Decision form, the Defendants again made a decision to deny Plaintiff's parole based on a murder charge he was acquitted of, contrary to MCL 791.235 (3) (b) See Exhibit **A**, Order of Acquittal and Exhibit **C**, Parole Board Notice of Decision (2007).

36. Failure to comply with MCL 791.235 (3) (b) a second time, violated Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Section 1983 all over again.

## X. COUNT THREE: FAILURE TO COMPLY WITH MCL 791.235 (4) – DENIAL OF DUE PROCESS

37. Plaintiff hereby incorporates by reference and re-alleges each and every paragraph above and further states as follows:

38. MCL 791.235 (4), states:

> If an interview is to be conducted, the prisoner shall be sent a notice of intent to conduct an interview at least 1 month before the date of the interview. The notice shall state the specific items and concerns that shall be discussed at the interview and that may be a basis for denial of parole. A denial shall not be based on reasons other than those stated in the notice of intent to conduct an interview except for good cause stated to the prisoner at or before the interview and in the written explanation required by subsection (12).

39. According to the Notice of Intent to Conduct a Parole Board Interview and Prisoner Rights and Receipt, the Notice does not state that the Parole Board would be

discussing the murder charge Plaintiff was acquitted of nor does it state that Plaintiff would be interviewed as an assaultive criminal and serving for a murder. See Exhibit **D,** Notice of Intent to Conduct a Parole Board Interview (2005 and 2007).

40. Defendants at Plaintiff's first parole interview did discuss the murder that Plaintiff was acquitted of and did so even though Plaintiff had no prior knowledge that the murder charge he was acquitted of was going to be the topic of discussion at the parole interview. Plaintiff also was not aware that the murder charge discussed at the interview was going to be the reason for denying parole. Nor does the Notice of Intent to Conduct a Parole Board Interview state that the Parole Board will be considering a crime of which Plaintiff was acquitted. See Exhibit **D,** Notice of Intent to Conduct a Parole Board Interview (2005 and 2007).

41. Failure to comply with MCL 791.235 (4), violates Plaintiff's right to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Section 1983.

## XI. COUNT FOUR: CONSIDERATION OF INACCURATE AND FALSE INFORMATION – DENIAL OF DUE PROCESS

42. Plaintiff hereby incorporates by reference and re-alleges each and every paragraph above and further states as follows:

43. In the Parole Board Notice of Decision form, under the heading "The Property Crime," it reads that "Was associated with violence, Involved the presence of a weapon (s), Shows Betrayal of Trust, Placed the victim in Physical Danger." See Exhibit C, Parole Board Notice of Decision (2007).

44. At no time was Plaintiff's bank fraud conviction associated with violence or involved the presence of a weapon (s) or showed betrayal of trust. Neither was there a

victim placed in physical danger in any manner, shape or form. Plaintiff's bank fraud conviction was primarily for using illegally obtained credit cards.

45. Denying parole release and conducting a parole interview based on erroneous, inaccurate and false information violates Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

**RELIEF REQUESTED**

Plaintiff requests this Court to:

A. Assume jurisdiction over this cause:

B. Enter an order declaring Defendants' acts and practices described herein as violative of Plaintiff's rights under the United States Constitution;

C. Enter a preliminary and permanent injuction prohibiting Defendants' from violating MCL 791.235 (4) and MCL 791.235 (3) (b) during Plaintiff's parole interview;

D. Enter a preliminary and permanent injuction prohibiting Defendants' from relying on any indication that his property crime was associated with violence, involved the presence of a weapon (s), shows betrayal of trust and placed the victim in physical danger.

E. Award Plaintiff out-of-the-pocket expenses incurred in bringing this action.

F. Award such other relief as this Court deem just and appropriate.

Respectfully Submitted; [signature]

Jameal Thomas #309330
Plaintiff, in Propria Persona
Hiawatha Correctional Facility
4533 W. Industrial Park Dr.
Kincheloe, Michigan 49786-0001
(906) 495-5661

Dated: August 8, 2007

I declare under the penalty of perjury that the foregoing is true and correct.

[signature]
Jameal Thomas #309330

Dated: August 8, 2007

Plaintiff's Exhibit A

Order of Acquittal

This form is available from
Target Information Management, Inc
(517) 337-1211

Approved, SCAO

Original - Court
1st copy - Prosecutor

2nd copy - Defendant
3rd copy - Defendant attorney

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | ORDER OF<br>ACQUITTAL/DISMISSAL<br>OR REMAND | CASE NO.<br>00-7047 |
|---|---|---|

ORI
MI-

Court address

Court telephone no.

THE PEOPLE OF ☐ The State of Michigan
☐ ______

v

Defendant's name, address, and telephone no.
Jamal Thomas

| CTN | SID | DOB |
|---|---|---|
| 00 20811D | 538405 | 7-11-72 |

| Count | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|
| 1 | Murder 1st Degree | 750.316A |
| 2 | PoFF | 750.227B-A |
| | | |

**IT IS ORDERED:**

☐ 1. The case is dismissed on the motion of the court ☐ with ☐ without prejudice.

☐ 2. The defendant's motion for dismissal is granted ☐ with ☐ without prejudice and the case is dismissed.

☐ 3. The defendant's motion for dismissal is granted in part ☐ with ☐ without prejudice and the following charge(s) is/are dismissed: ______

☐ 4. Defendant is acquitted on all charge(s) in this case after trial by ☐ judge. ☐ jury.

☑ 5. Defendant is acquitted after trial by ☐ judge ☒ jury only on the following charge(s):
Murder, 1st Degree

☐ 6. Defendant shall be immediately discharged from confinement in this case.

☐ 7. Bond is cancelled and shall be returned after costs are deducted.

☐ 8. Bond/bail is continued on the remaining charge(s).

☐ 9. The case is remanded to the ______ district court for further proceedings for the following reasons:

8-28-01
Date

Ulysses W. Boykin 11082
Judge Bar no.

If item 1, 2, or 4 is checked, the clerk of the court shall send a photocopy of this order to the Michigan State Police Central Records Division to create a criminal history record as required under MCL 769.16a.

Plaintiff's Exhibit B

Parole Board Notice of Decision (2005)

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| THOMAS JAMEAL | A309330 | JCS 177D | 07/01/2005 |

**The Michigan Parole Board,** having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the legislature, says as follows:

☒ The Parole Board lacks reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE: | ACTION: | TERM OF DENIAL: | RECONSIDERATION DATE: |
|---|---|---|---|
| 06/27/2005 | Continue | 24 Months | 08/18/2007 |

29

**Regarding 30-day notice:**
Inmate agreed with receiving 30 days notice

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

Crime & Criminal Behavior

**The assaultive crime:**
Resulted in loss of life
Showed intent to permanently injure
Involved a family member or acquaintance
Involved the touching with or discharge of a weapon

**The property crime:**
Shows established pattern of behavior
Arose in a multiple offender situation
Included taking or loss of property O/$1000
Involves the intent to defraud another
Involved multiple victims

**The prisoner has a criminal history:**
Of a crime that resulted in loss of life
Of assaultive conviction(s) as juvenile
Has become progressively more dangerous
Including a weapon or weapons
Of violent misdemeanors

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| THOMAS JAMEAL | A309330 | JCS | 07/01/2005 |

**Correctional Adjustment**

**The prisoner's prior post conviction corrections history includes:**

A history of probation failure

Commission of crime while under supervision

Assaultive behavior on parole/probation

**Personal History**

**The prisoner's social history indicates:**

Unstable social or family history

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Demonstrate responsible behavior by earning positive reports in any programs you may be involved in

Demonstrate responsible behavior by avoiding situations which result in misconduct citations

Enter into or continually involve yourself in substance abuse programming

Obtain screening by psychological staff to determine the appropriateness of group therapy to reduce the risk to society

***COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION***

| | |
|---|---|
| James Quinlan 6/22/2005 | Miguel Berrios 6/27/2005 |

Plaintiff's Exhibit C

Parole Board Notice of Decision (2007)

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| THOMAS JAMEAL | A309330 H-2-62 | HTF | 05/25/2007 |

**The Michigan Parole Board,** having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the legislature, says as follows:

☒ The Parole Board lacks reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE: | ACTION: | TERM OF DENIAL: | RECONSIDERATION DATE: |
|---|---|---|---|
| 05/15/2007 | Continue | 24 Months | 08/17/2009 |

29

**Regarding 30-day notice:**

Inmate agreed with receiving 30 days notice

**SUBSTANTIAL AND COMPELLING REASONS FOR GUIDELINE DEPARTURE:**

The PGS's do not reflect the magnitude of the seriousness of this crime, P needs to develope a better sense of empathy, remorse, and insight into his crime in order to reduce his risk.

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

**Crime & Criminal Behavior**

**The assaultive crime:**

Resulted in loss of life

Involved a family member or acquaintance

Involved the touching with or discharge of a weapon

Showed intent to permanently injure

**The property crime:**

Was associated with violence

Involved the presence of a weapon(s)

Shows betrayal of trust

Placed the victim in physical danger

**The prisoner has a criminal history:**

Of assaultive conviction(s) as juvenile

Has become progressively more dangerous

Including a weapon or weapons

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| THOMAS JAMEAL | A309330 | HTF | 05/25/2007 |

**Crime & Criminal Behavior**

**The prisoner has a criminal history:**

Of violent misdemeanors

**Correctional Adjustment**

**The prisoner's prior post conviction corrections history includes:**

Commission of crime while under supervision

Assaultive behavior on parole/probation

A history of probation failure

**Personal History**

**The prisoner has a history of substance abuse which:**

Is of long standing duration

---

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Demonstrate responsible behavior by earning positive reports in any programs you may be involved in

Identify and develop community resources to address special needs identified through group therapy

Provide additional demonstration of positive prison behavior during the period of the continuance

***COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION***

---

Miguel Berrios

Miguel Berrios 5/4/2007

James Atterberry 5/15/2007

Plaintiff's Exhibit D

Notice of Intent to Conduct a Parole Board Interview (2005 and 2007)

MICHIGAN DEPARTMENT OF CORRECTIONS
CAX-227 (03/00)

NOTICE OF INTENT TO CONDUCT A PAROLE BOARD INTERVIEW AND PRISONER RIGHTS AND RECEIPT

| NUMBER | (LAST) | NAME: | LOCATION/LOCK |
|---|---|---|---|
| A309330 | THOMAS | JAMEAL | JCS 177-D |

NOTICE OF INTENT TO CONDUCT PAROLE BOARD INTERVIEW

THIS IS TO NOTIFY YOU THAT YOUR PAROLE BOARD INTERVIEW IS SCHEDULED FOR week of 6-20-05 in the ____
(Date) (a.m. or p.m.)

The purpose of this interview is to assist the parole board in reaching a parole decision. You have been provided a copy of your Pre-Sentence Investigation Report (s) (PSI) and your Parole Eligibility Report(s) (PER). You should review these reports as well as other relevant documents you may have (i.e. tickets, security classifications, letters of commendation; etc.) in order to prepare for this interview .

At all interviews, the parole board will consider the following factors:

(1) Your statistical risk.
(2) The crime(s) for which you are now serving.
(3) Prior crimes (adult and/or juvenile) including behavior during prior probation, delayed sentenced, parole, or other community based programs.
(4) Pending criminal charges or detainers.
(5) Your institutional conduct (as reflected by misconduct reports, administrative segregation, actions taken on good time or disciplinary credits, security reclassification, etc.)
(6) Your institutional program performance (academic, job assignments , vocational, therapy, counseling, substance abuse, etc.)
(7) Your employment history and/or readiness for employment.
(8) Your physical condition.
(9) Your mental health or psychiatric history.
(10) Your parole plans.
(11) Your readiness to accept responsibility for your own actions — your maturity.
(12) Any prior parole board actions in your case.
(13) Other(s):____

PRISONER INTERVIEW RIGHTS AND RECEIPT

(1) You have the right to be interviewed by one member of the parole board.
(2) You have the right to challenge information and present evidence concerning inaccurate or irrelevant information. You may also present additional information on your behalf. This information should be presented at your scheduled interview.
(3) You have the right to receive the Notice of Intent to Conduct a Parole Board Interview at least 30 days prior to the interview. You may waive this 30 day notice and be interviewed as soon as possible. This document contains the Notice of Intent.
(4) You may waive the scheduled parole board interview. If you waive the interview, your case will be considered by the parole board based on available information. A parole or denial of parole could result.
(5) You have the right to have one representative of your choice appear with you at your interview. YOU may choose any one person except that state law says it may NOT be another PRISONER or an ATTORNEY. Note: Children will not be allowed at the interview.

If you wish to have one representative at your interview, YOU are responsible for informing that person of the time and date indicated above. If the interview is scheduled for the morning, your representative MUST be present by 8:30 a.m. If your interview is scheduled for the afternoon, your representative MUST be present by 1:00 p.m.

NOTICE: YOUR INTERVIEW WILL NOT BE DELAYED IF YOUR REPRESENTATIVE IS LATE OR CANNOT ATTEND ON THE DATE SCHEDULED. THE FACILITY WILL NOT NOTIFY YOUR REPRESENTATIVE — THAT IS YOUR RESPONSIBILITY.

CHECK ONLY THE APPROPRIATE BOXES

☐ I understand that I can have one representative of my choice who is not another prisoner or an attorney. I assume the responsibility of notifying my representative of the date indicated above. I ☐ do ☐ do not plan to ask a representative to be present.

CAX-227 (03/00)

⇕ I acknowledge the timely receipt of the 30 day Notice of Intent to Conduct a Parole Board Interview.

⇕ I waive the 30 day Notice of Intent to Conduct a Parole Board Interview requirement. Please schedule me for an interview as soon as possible.

⇕ I waive the right to this scheduled parole board interview. I understand that I am giving up the right to have a representative and to present information on my behalf and that the parole board will make its decision based on available information.

| Prisoner's Signature | Date | Witness Signature | Date |
|---|---|---|---|
| X James Thomas | X | J. Luna | 5-13-05 |

DISTRIBUTION: Parole Board, Prisoner, Record Office File, Counselor File

CAX-227 Rev. 3/05

MICHIGAN DEPARTMENT OF CORRECTIONS

**NOTICE OF INTENT TO CONDUCT A PAROLE BOARD INTERVIEW AND PRISONER RIGHTS AND RECEIPT**

| NUMBER | NAME (Last, First) | LOCATION/LOCK |
|---|---|---|
| **A309330** | **THOMAS, JAMEAL** | **HTF/H-2-62** |

**THIS IS TO NOTIFY YOU THAT YOUR PAROLE BOARD INTERVIEW IS SCHEDULED FOR** April 16-20, 2007 (DATE) in the ______ (a.m. or p.m.)

The purpose of this Interview is to assist the parole board in reaching a parole decision. You have been provided a copy of your Pre-Sentence Investigation Report (s) (PSI) and your Parole Eligibility Report(s) (PER). You should review these reports as well as other relevant documents you may have (i.e. tickets, security classifications, letters of commendation; etc.) In order to prepare for this interview.

At all interviews, the parole board will consider the following factors:

1. Your statistical risk.
2. The crime(s) for which you are now serving.
3. Prior crimes (adult and/or juvenile) including behavior during prior probation, delayed sentenced, parole, or other community based programs.
4. Pending criminal charges or detainers.
5. Your institutional conduct (as reflected by misconduct reports, administrative segregation, actions taken on good time or disciplinary credits, security reclassification, etc.)
6. Your institutional program performance (academic, job assignments, vocational, therapy, counseling, substance abuse, etc.)
7. Your employment history and/or readiness for employment.
8. Your physical condition.
9. Your mental health or psychiatric history.
10. Your parole plans.
11. Your readiness to accept responsibility for your own actions — your maturity.
12. Any prior parole board actions in your case.
13. Other(s): ______

**You are expected to bring a copy of your therapy termination report to the Parole Board interview.**

## PRISONER INTERVIEW RIGHTS AND RECEIPT

1. You have the right to be interviewed by one member of the parole board.
2. You have the right to challenge information and present evidence concerning inaccurate or irrelevant information. You may also present additional information on your behalf. This information should be presented at your scheduled interview.
3. You have the right to receive the Notice of Intent to Conduct a Parole Board Interview at least 30 days prior to the interview. You may waive this 30 day notice and be interviewed as soon as possible. This document contains the Notice of Intent.
4. You may waive the scheduled parole board interview. If you waive the interview, your case will be considered by the parole board based on available information. A parole or denial of parole could result.
5. You have the right to have one representative of your choice appear with you at your interview. YOU may choose any one person except that state law says it may NOT be another PRISONER or an ATTORNEY. **Note: Children will not be allowed at the interview.**

   If you wish to have one representative at your interview, YOU are responsible for informing that person of the time and date indicated above. If the interview is scheduled for the morning, your representative MUST be present by 8:30 a.m. If your interview is scheduled for the afternoon, your representative MUST be present by 1:00 p.m.

**NOTICE: YOUR INTERVIEW WILL NOT BE DELAYED IF YOUR REPRESENTATIVE IS LATE OR CANNOT ATTEND ON THE DATE SCHEDULED. THE FACILITY WILL NOT NOTIFY YOUR REPRESENTATIVE — THAT IS YOUR RESPONSIBILITY.**

**CHECK ONLY THE APPROPRIATE BOXES**

- [x] I understand that I can have one representative of my choice who is not another prisoner or an attorney. I assume the responsibility of notifying my representative of the date indicated above. I [x] do [ ] do not plan to ask a representative to be present.
- [x] I acknowledge the timely receipt of the 30 day Notice of Intent to Conduct a Parole Board Interview.
- [ ] I waive the 30 day Notice of Intent to Conduct a Parole Board Interview requirement. Please schedule me for an interview as soon as possible.
- [ ] I waive the right to this scheduled parole board interview. I understand that I am giving up the right to have a representative and to present information on my behalf and that the parole board will make its decision based on available information.

| Prisoner's Signature | Date | Witness Signature | Date |
|---|---|---|---|
| Jameal Thomas | 3-13-07 | AARON Bula | 03/13/2007 |

DISTRIBUTION: Parole Board, Prisoner, Record Office File, Counselor File

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 07-13396 | **Judge:** Patrick J. Duggan | **Magistrate Judge:** Steven D. Pepe |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>Jameal Thomas | **Name of 1st Listed Defendant/Respondent:**<br>John Rubitschun, et al |
| **Inmate Number:** 309330 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Hiawatha Correctinal Facility<br>4533 W. Industrial Park Drive<br>Kincheloe, MI 49786-0001<br>CHIPPEWA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes ☐ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes ☐ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______