UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMEAL THOMAS #309330

Plaintiff,

v

JOHN S. RUBITSCHUN, BARBARA S. SAMPSON, JAMES QUINLAN, MIGUEL BERRIOS, JAMES ATTERBERRY,

Defendants.

No. 2:07-CV-13396

HON. PATRICK J. DUGGAN
MAG. STEVEN D. PEPE

Jameal Thomas #309330
Plaintiff *in pro per*
Hiawatha Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, Michigan 49786-0001

Charles C. Schettler, Jr. (P28884)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
Corrections Division
Post Office Box 30217
Lansing, Michigan 48909
517/335-7021

**MOTION TO DISMISS AND / OR SUMMARY JUDGMENT**

Defendants' move to dismiss under FR Civ P 12(b)(6) or in the alternative under FR Civ P 56 because the complaint fails to state a claim upon which relief can be granted or in the alternative there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.

Plaintiff is an inmate with the Michigan Department of Corrections who is serving a two year sentence for felony firearm which runs consecutive to a 5 – 20 year sentence for conducting a criminal enterprise. The Michigan Parole Board had denied the Plaintiff parole. The Plaintiff has brought a 42 USC 1983 lawsuit seeking declaratory and injunctive relief in which he is

claiming that the Defendant members of the Michigan Parole Board violated his due process rights by denying him parole for a crime which he did not commit and by inaccurately describing the property crime which he did commit.

It is the Defendants position that Plaintiff's claims are barred by the Eleventh Amendment, the Plaintiff has failed to state a 42 USC 1983 claim, and that the exhibits establishes that he is not being denied parole for a crime which he did not commit.

This motion is supported by an accompanying brief.

Respectfully submitted,

Michael A. Cox
Attorney General

s/Charles C. Schettler, Jr.
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
Phone: (517) 335-7021
Primary E-Mail: schettlerc@michigan.gov
[P28884]

Dated: June 11, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMEAL THOMAS #309330

Plaintiff,

v

JOHN S. RUBITSCHUN, BARBARA S. SAMPSON, JAMES QUINLAN, MIGUEL BERRIOS, JAMES ATTERBERRY,

Defendants.

No. 2:07-CV-13396

HON. PATRICK J. DUGGAN
MAG. STEVEN D. PEPE

Jameal Thomas #309330
Plaintiff *in pro per*
Hiawatha Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, Michigan 49786-0001

Charles C. Schettler, Jr. (P28884)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
Corrections Division
Post Office Box 30217
Lansing, Michigan 48909
517/335-7021

**BRIEF IN SUPPORT OF MOTION TO DISMISS AND / OR SUMMARY JUDGMENT**

Respectfully submitted,

Michael A. Cox
Attorney General

s/Charles C. Schettler, Jr.
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
Phone: (517) 335-7021
Primary E-Mail: schettlerc@michigan.gov
[P28884]

Dated: June 11, 2008

## CONCISE STATEMENT OF ISSUES PRESENTED

**I. Plaintiff's claim against the Defendants for injunctive and declaratory relief is barred by the Eleventh Amendment.**

**II. The Plaintiff has not stated a 42 USC 1983 claim.**

**III. Exhibit 1 establishes that the Plaintiff is not being denied parole for a crime he did not commit.**

**IV. The Michigan Parole Board concedes that the description of Plaintiff's property crime found in the Parole Board's Notice of Decision denying him parole is inaccurate and consequently, they will take corrective action.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Cases

*Albright v Oliver*, 510 US 266, 271 (1994). .......... 5

*Board of Pardons v Allen*, 482 US 369, 373 (1987). .......... 5

*Greenholtz v Inmates of Neb. Penal and Corr. Complex*, 442 US 1, 7 (1979). .......... 5

*Inmates of Orient Corr. Inst. v Ohio State Adult Parole Auth.*, 929 F2d 233, 235 (CA 6, 1991). 5

*Pennhurst State School and Hospital v Halderman*, 465 US 89, 100, 104 SCt 900, 79 L Ed 2d 67 (1984) .......... 4

*People v Hoyt*, 185 Mich App 431, 535; 462 NW2d 793 (1990). .......... 7

*People v Naugle*, 152 Mich App 227, 238; 393 NW2d 592 (1986). .......... 6

*People v Newcomb*, 190 Mich App 424, 427; 476 NW2d 749 (1991). .......... 6

*Quern v Jordan*, 440 US 332, 341; 99 S Ct 1139, 1145; 59 L Ed 2d 358,367 (1979). .......... 5

See *Bullock v McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (CA 6, Feb. 14, 2001) .......... 6

*Seminole Tribe of Florida v Florida*, 517 US 44, 116 SCt 1114, 134 L Ed 2d 252 (1996). .......... 4

*Street v Corrections Corporation of America*, 102 F3d 810, 814 (CA 6, 1996). .......... 5

*Sweeton v Brown*, 27 F3d 1162, 1164-65 (CA 6, 1994) (en banc) .......... 5

*Turnboe v Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Dir. Nov. 1, 2000), *cert denied*, 532 *S 978 (2001). .......... 6

*West v Atkins*, 487 US 42, 48 (1988) .......... 5

*Will v Dep't of State Police*, 491 US 58; 109 SCt 2304; 105 L Ed 2d 45 (1989) .......... 5

Statutes

42 USC 1983 .......... 1, 2, 3, 4, 5

MCR 6.425(2). .......... 6

MCR 6.425. .......... 6

## STATEMENT OF THE FACTS

Plaintiff is an inmate with the Michigan Department of Corrections who is currently serving a sentence of 2 years for felony firearm which runs consecutive to a sentence of 5 – 20 years for conducting a criminal enterprise. (See attached Certified Record, Exhibit 1, hereafter Record, 29, 49.)

Plaintiff has filed a 42 USC 1983 claim in which he is seeking declaratory and injunctive relief against the Defendants who are all members or former members of the Michigan Parole Board. Plaintiff claims the Defendants have improperly denied him parole on erroneous grounds.

The Michigan Parole Board denied the Plaintiff parole on May 15, 2007. (Record, p 3.) The Michigan Parole Board gave the following reasons for the parole denial:

> **SUBSTANTIAL AND COMPELLING REASONS FOR GUIDELINE DEPARTURE:**
> The PGS's do not reflect the magnitude of the seriousness of this crime. P needs to develop a better sense of empathy, remorse, and insight into his crime in order to reduce his risk.
>
> **REASONS IN SUPPORT OF PAROLE BOARD ACTION:**
>
> **Crime & Criminal Behavior**
> > **The assaultive crime:**
> > Resulted in a loss of life
> > Involved a family member or acquaintance
> > Involved the touching with or discharge of weapon
> > Showed intent to permanently injure
> >
> > **The property crime:**
> > Was associated with violence
> > Involved the presence of a weapon(s)
> > Shows betrayal of trust
> > Placed the victim in physical danger
> >
> > **The prisoner has a criminal history:**
> > Of assaultive conviction(s) as juvenile
> > Has become progressively more dangerous

Including a weapon or weapons
Of violent misdemeanors

**Correctional Adjustment**

**The prisoner's prior post conviction corrections history includes:**
Commission of crime while under supervision
Assaultive behavior on parole/probation
A history of probation failure

**Personal History**

**The prisoner has a history of substance abuse which:**
Is of long standing duration
(Record, p 3, 4.)

Plaintiff claims that because he was acquitted of first degree murder (Plaintiff's Exhibit A), the Michigan Parole Board violated his due process rights when they stated that his crime was an assaultive crime which resulted in the loss of life, involved a family member or acquaintance, involved the discharge of a weapon, and showed an intent to permanently injury. But in making this argument, Plaintiff ignores the fact that Plaintiff's Presentence Investigation Report for his felony firearm conviction (Record, p 19 – 28) fully supports this description of Plaintiff's crime.

In regards to the Plaintiff's allegation that his property crime of conducting a criminal enterprise is improperly described in the Notice of Action denying him parole, the Michigan Parole Board concedes that this is true and it ready to take action on its own initiative to correct this error.

State Defendants maintain that Plaintiff has failed to state a claim upon which relief can be granted or in the alternative that there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law for the following reasons:

1. Plaintiff's claims are barred by the Eleventh Amendment.

2. Plaintiff has failed to plead a 42 USC 1983 claim.

3. Plaintiff has failed to state a 42 USC 1983 claim because the record, Exhibit 1, establishes that Plaintiff is not being denied parole for a crime that he did not commit.

## ARGUMENT

**I. Plaintiff's claim against the Defendants for injunctive and declaratory relief is barred by the Eleventh Amendment.**

In the caption to his complaint the Plaintiff alleges that he is suing the Defendants "in their official and individual capacities," but review of the complaint reveals that he is really suing them only in their official capacities.

Plaintiff is seeking declaratory and injunctive relief against the Defendants, who are all members or former members of the Michigan Parole Board. Plaintiff claims the Defendants have improperly denied him parole on allegedly erroneous grounds that he says violates his due process rights. But even if the Defendants denied Plaintiff parole on erroneous grounds, their consideration of Plaintiff for parole and their subsequent denial of parole were inescapably taken pursuant to their duties as members of the Michigan Parole Board. Thus while Plaintiff alleges he is also suing them in their individual capacities, review of his complaint makes it indisputable that he is in fact suing them only in their official capacities as members of the Michigan Parole Board.

The Eleventh Amendment of the United States Constitution bars suits in federal court against the State, its agencies, and officials sued in their official capacity unless this immunity from suit is expressly waived by either the State or Congress, regardless of the nature of the relief sought.[1] Plaintiff's complaint is brought under 42 USC 1983, and is suing the Defendant Michigan Parole Board members for injunctive and declaratory relief. The statute, 42 USC

[1] *Pennhurst State School and Hospital v Halderman*, 465 US 89, 100, 104 SCt 900, 79 L Ed 2d 67 (1984); *Seminole Tribe of Florida v Florida*, 517 US 44, 116 SCt 1114, 134 L Ed 2d 252 (1996).

1983, is not a waiver of the State's Eleventh Amendment jurisdictional immunity.[2] Therefore, Plaintiff's complaint is barred by the Eleventh Amendment and must be dismissed.

**II. The Plaintiff has not stated a 42 USC 1983 claim.**

To state a claim under 42 USC 1983 a plaintiff must allege the violation of a right secured by the Federal Constitution or laws and must show that the deprivation was committed by a person acting under power of state law.[3] Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed.[4]

Plaintiff claims that he did not receive a fair parole consideration and that the manner in which he was considered for and denied parole violates his constitutional rights.

**But, Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole.** There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.[5] Although a state may establish a parole system, it has no duty to do so and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.[6] Rather, a liberty of interest is present only if state law entitles an inmate to release on parole.[7]

In *Sweeton v Brown,*[8] the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the

---

[2] *Will v Dep't of State Police*, 491 US 58; 109 SCt 2304; 105 L Ed 2d 45 (1989); *Quern v Jordan*, 440 US 332, 341; 99 S Ct 1139, 1145; 59 L Ed 2d 358,367 (1979).
[3] *West v Atkins,* 487 US 42, 48 (1988); *Street v Corrections Corporation of America,* 102 F3d 810, 814 (CA 6, 1996).
[4] *Albright v Oliver,* 510 US 266, 271 (1994).
[5] *Greenholtz v Inmates of Neb. Penal and Corr. Complex,* 442 US 1, 7 (1979).
[6] *Id*. at 7; *Board of Pardons v Allen*, 482 US 369, 373 (1987).
[7] *Inmates of Orient Corr. Inst. v Ohio State Adult Parole Auth.*, 929 F2d 233, 235 (CA 6, 1991).
[8] *Sweeton v Brown*, 27 F3d 1162, 1164-65 (CA 6, 1994) (en banc)

continuing validity of *Sweeton* and had continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole.[9]

Because Plaintiff has no liberty interest at stake he fails to state a 42 USC 1983 claim for violation of his due process rights.

## III. Exhibit 1 establishes that the Plaintiff is not being denied parole for a crime he did not commit.

### A. The Michigan Parole Board May Rely Upon Information Set Forth In The Presentence Report And Any Challenge To Its Accuracy Must Be Brought In A Proceeding In The Criminal Case.

The presentence report must include "a complete description of the offense and the circumstances surrounding it."[10] Further, "the court must have a copy of the presentence report and of any psychiatric report sent to the Department of Corrections."[11] Thus, the presentence report is required to address the facts and circumstances of a Defendant's crime and must be transmitted to the Michigan Department of Corrections.

To ensure accuracy, the Court must allow the Defendant the opportunity to review the presentence report and to refute any factual information which will be relied upon in sentencing.[12] The Court must respond to the challenges to the accuracy of information in a presentence report.[13] The Court may determine the accuracy of the information or disregard the challenged information.[14] If it finds the challenged information inaccurate or irrelevant, it must

[9] See *Bullock v McGinnis,* No. 00-1591, 2001 WL 180978, at *2 (CA 6, Feb. 14, 2001); *Turnboe v Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Dir. Nov. 1, 2000), *cert denied*, 532 *S 978 (2001).
[10] MCR 6.425(2).
[11] MCR 6.425.
[12] *People v Naugle*, 152 Mich App 227, 238; 393 NW2d 592 (1986).
[13] *People v Newcomb*, 190 Mich App 424, 427; 476 NW2d 749 (1991).
[14] *Id.*

strike that information from the presentence report before transmitting it to the Department of Corrections.[15]

As an official court document, the presentence report, which by law must be transmitted to the Michigan Department of Corrections, which by law the Petitioner had an opportunity to object to and which by law the Court must correct if it finds challenged information to be inaccurate or irrelevant, may as an official court document be relied upon by the Michigan Parole Board in arriving at reasons for denying parole.

If there is a problem with the current presentence report found in the Parole Board's certified record, it is incumbent upon the Petitioner to go back to the criminal trial court and have the presentence report corrected. But, until that is done, it is appropriate for the Michigan Parole Board to rely upon the information set forth in said report.

B. **The Record, Exhibit 1, establishes that the Plaintiff is not being denied parole for a crime he did not commit.**

Part of the reasons the Plaintiff is being denied parole by the Michigan Parole Board is his crime and criminal behavior. The Parole Board Notice of Decision provides in pertinent part:

> **Crime and Criminal Behavior**
> **The assaultive crime:**
> Resulted in a loss of life
> Involved a family member or acquaintance
> Involved the touching with or discharge of weapon
> Showed intent to permanently injure
> (Record, p 3.)

Plaintiff's claims that it is a violation of his due process rights to use these reasons to deny him parole, because he was acquitted of the first degree murder charge he was prosecuted on, as reflected in order of acquittal attached to his complaint. (Plaintiff's Exhibit A.) But the "assaultive crime" reasons given for denying the Plaintiff parole never state that the Plaintiff

[15] *People v Hoyt*, 185 Mich App 431, 535; 462 NW2d 793 (1990).

committed first degree murder or any other degree of murder for that matter. And moreover the "assaultive crime" reasons are fully supported by the description of Plaintiff's crime set forth in the Presentence Investigation Report for his felony firearm conviction.

> Agent's Description of Offense:
> [M]other of the deceased, 27-year-old Shawn Moore, …. Ms. Bell advised the officers that the complainant was in the basement of the residence shot in the head. …The Wayne County Medical Examiner's Office determined the cause of death to be a gunshot wound to the head.
>
> Investigation revealed that the defendant, Jameal Thomas, and the complainant have a child in common. The complainant went to the defendant's residence at 18803 Gallagher on March 31, 2000 to pick up money for the child. The defendant and the complainant got into an argument and the **defendant bound and gagged the complainant and then shot her in head.**
>
> * * *
>
> Aaron Mobley informed police that he went to 18803 Gallagher and saw the complainant's vehicle parked behind the defendant's vehicle, and that he blew his horn outside the residence to get the attention of the complainant. He saw a male walking towards the residence and he told the male that he wanted to see the complainant. He indicated that the defendant answered the door and told him that the complainant had gone shopping with his mother.
>
> * * *
>
> **[D]efendant, during questioning, confessed to bounding, gagging, and shooting the complainant.**
> (Emphasis added.) (Record, p 21.)

Thus, while as a matter of law, Plaintiff's may not be guilty of first degree murder, the description of his felony firearm offense in the Presentence Investigation Report for that crime fully supports the parole board's conclusion that it was an assaultive crime, which resulted in the loss of life, which involved a family member or acquaintance, which involved the touching with or discharge of a weapon, and which showed an intent to permanently injury.

For the reasons discussed fully in sub-argument A, *supra*, the Michigan Parole Board may rely on the description of the crime found in the Presentence Investigation Report. If

Plaintiff feels that the description of his crime found on the Presentence Investigation Report is erroneous, as discussed in sub-argument A, *supra*, it is incumbent on him to petition the trial court for a correction of the Presentence Investigation Report.

Plaintiff's acquittal on the first degree murder charge does not constitute an adjudication that he did not kill someone but instead merely constitutes an adjudication that he did not commit first degree murder.

By law the Michigan Parole Board must have reasonable assurance that an inmate will not be a danger to society before they may parole him or her.

(1) [t]he grant of parole shall be subject to all of the following:

> (a) A prisoner shall not be given his liberty on parole until the board has reasonable assurance after consideration of all the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety.

Given this mandate, the Michigan Parole Board would be remiss in their duty to the public, if they ignored the description of Plaintiff's crime set forth in the Presentence Investigation Report transmitted to the Michigan Parole Board by the trial court. Using the **description of the Plaintiff's crime in the Presentence Investigation Report for his felony firearm conviction** as one of the reasons for denying the Plaintiff parole does not violate his due process.

## IV. The Michigan Parole Board concedes that the description of Plaintiff's property crime found in the Parole Board's Notice of Decision denying him parole is inaccurate and consequently, they will take corrective action.

In the notice of action denying the Plaintiff parole, Plaintiff's property crime is described as follows:

> **The property crime:**
> Was associated with violence
> Involved the presence of a weapon(s)
> Shows betrayal of trust
> Placed the victim in physical danger

As a result of a review by the Defendant's attorney and a subsequent review by the Michigan Parole Board, it was determined that Plaintiff's allegations concerning the factual inaccuracy of this description of his property crime are correct. As a consequence, as attested to in the attached Affidavit of Michigan Parole Board Chairperson Barbara Sampson, the Michigan Parole Board will afford the Plaintiff a new parole interview in which the parole board members considering the Plaintiff for parole will be advised that his property crime does not involve the elements set forth in the May 15, 2007, Notice of Action found of page three of the Record.

## CONCLUSION AND RELIEF SOUGHT

Wherefore, based upon the above arguments, the Defendants request that this court dismiss the Plaintiff's complaint pursuant to FR Civ P 12b(6) for failure to state a claim upon which relief can be granted or in the alternative grant Defendants summary judgment pursuant to Rule 56, except in regards to count 4 of Plaintiff's complaint where he alleges that his property crime was improperly described.

In regards to count 4, by the filing of this brief, the Michigan Parole Board hereby agrees and stipulates that the Plaintiff will be afforded a new parole interview and consideration in which the parole board members considering the Plaintiff's for parole will be instructed that the description of the property crime found in the May 15, 2007, Notice of Action is entirely inaccurate.

Respectfully submitted,

Michael A. Cox
Attorney General

s/Charles C. Schettler, Jr.
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
Phone: (517) 335-7021
Primary E-Mail: schettlerc@michigan.gov
[P28884]

Dated: June 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Motion to Dismiss and/or Summary Judgment with Brief in Support, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Jameal Thomas #309330, Hiawatha Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, Michigan 49786-0001

A courtesy copy of the aforementioned document was placed in the mail directed to: The Honorable Steven D. Pete, Magistrate Judge for the U.S. District Court, Eastern District of Michigan, Post Office Box 7150, Ann Arbor, MI 48107-8199

s/Charles C. Schettler, Jr.
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
Phone: (517) 335-7021
Primary E-Mail: schettlerc@michigan.gov
[P28884]

2008-3010934-A Thomas / Dismiss.MotBrfCOS