UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMEAL THOMAS #309330

Plaintiff,

v

JOHN S. RUBITSCHUN, BARBARA S. SAMPSON, JAMES QUINLAN, MIGUEL BERRIOS, JAMES ATTERBERRY,

Defendants.

No. 2:07-CV-13396

HON. PATRICK J. DUGGAN
MAG. STEVEN D. PEPE

Jameal Thomas #309330
Plaintiff *in pro per*
Hiawatha Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, Michigan 49786-0001

Charles C. Schettler, Jr. (P28884)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
Corrections Division
Post Office Box 30217
Lansing, Michigan 48909
517/335-7021

**<u>EXHIBIT 1 – PART A</u>**

Exhibit 1, Part A Certified Record for Jameal Thomas #309330 (pages 1 – 27)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jameal Thomas, #309330

Plaintiff,

v

Docket No. 2:07-CV-13396

John Rubitschun, et al

Defendant.

______________________________________/

I, Amy M. Moore, Litigation Coordinator for the Parole Board of the Michigan Department of Corrections, hereby certify that the attached are true and accurate copies of documents created by or for the Parole Board in this case.

Amy M. Moore
Litigation Coordinator
Parole Board

Subscribed and sworn to
before me, a Notary Public,
this 28th day of March, 2008.

Lydia J. Hines, Notary Public
Ingham County, Michigan
My Commission Expires: 01/30/09

| Inmate Number | Inmate Name | Eligibility Date | PG | PER Rcvd Dt | ----File Transfer---- Who | When | Why | Case Type | Action | Mem | Vote | Term | Type | Effective Date | Defer Code | Defer Stat | Case Status | Interview Week Of | Int Site | Inmate Loc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A309330 | THOMAS JAMEAL | 08/18/2005 | 1 | 05/16/2005 | | | | Regular | 3rd Vote | MAB | C | 24 | | | | | Printed | 06/20/2005 | JCS | JCS |
| | | | | | | | | | Screen | JJQ | C | 24 | | | | | | | | |
| | | | | | | | | | Interview | EL | D | | | | 42 | C | | | | |
| A309330 | THOMAS JAMEAL | 08/18/2007 | 4 | 01/09/2007 | | | | Regular | 3rd Vote | JEA | C | 24 | | | | | Printed | 04/16/2007 | HTF | HTF |
| | | | | | | | | | Screen | MAB | C | 24 | | | | | | | | |
| | | | | | | | | | Interview | JCS | P | 24 | IRU | | | V | | | | |

**Total Number Of Cases: 2**

MISCONDUCT SUMMARIES

ACTION CODE: I CLIENT NO: 309330 MCR NO:

CLIENT NAME: THOMAS JAMEAL

| | | | | RESTORABLE | | NON-RESTORABLE | | SEC |
|---|---|---|---|---|---|---|---|---|
| MCR NO | DATE | INST | \|--- FINAL CHARGES ---\| | MIN | MAX | MIN | MAX | CLASS |
| 00001 | 061702 | SLF | 008 | 0188 | 0188 | 0005 | 0005 | |

U.V.N. CI08087046293 XMT

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| THOMAS JAMEAL | A309330 | HTF | 05/25/2007 |

**The Michigan Parole Board,** having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the legislature, says as follows:

[X] The Parole Board lacks reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE: | ACTION: | TERM OF DENIAL: | RECONSIDERATION DATE: |
|---|---|---|---|
| 05/15/2007 | Continue | 24 Months | 08/17/2009 |

29

**Regarding 30-day notice:**

Inmate agreed with receiving 30 days notice

---

**SUBSTANTIAL AND COMPELLING REASONS FOR GUIDELINE DEPARTURE:**

The PGS's do not reflect the magnitude of the seriousness of this crime, P needs to develope a better sense of empathy, remorse, and insight into his crime in order to reduce his risk.

---

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

**Crime & Criminal Behavior**

**The assaultive crime:**

Resulted in loss of life

Involved a family member or acquaintance

Involved the touching with or discharge of a weapon

Showed intent to permanently injure

**The property crime:**

Was associated with violence

Involved the presence of a weapon(s)

Shows betrayal of trust

Placed the victim in physical danger

**The prisoner has a criminal history:**

Of assaultive conviction(s) as juvenile

Has become progressively more dangerous

Including a weapon or weapons

Case 2:07-cv-13896-PJD-SDP ECF No. 24-3, PageID.111 Filed 06/11/08 Page 6 of 29

| Name: | Number: | Location: | Mailed: |
| --- | --- | --- | --- |
| THOMAS JAMEAL | A309330 | HTF | 05/25/2007 |

**Crime & Criminal Behavior**

**The prisoner has a criminal history:**
Of violent misdemeanors

**Correctional Adjustment**

**The prisoner's prior post conviction corrections history includes:**
Commission of crime while under supervision
Assaultive behavior on parole/probation
A history of probation failure

**Personal History**

**The prisoner has a history of substance abuse which:**
Is of long standing duration

---

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Demonstrate responsible behavior by earning positive reports in any programs you may be involved in

Identify and develop community resources to address special needs identified through group therapy

Provide additional demonstration of positive prison behavior during the period of the continuance

***COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION***

---

| | |
| --- | --- |
| Miguel Berrios (signature)<br>Miguel Berrios 5/4/2007 | (signature)<br>James Atterberry 5/15/2007 |

MICHIGAN DEPARTMENT OF CORRECTIONS CAX-227 Rev. 3/05

# NOTICE OF INTENT TO CONDUCT A PAROLE BOARD INTERVIEW AND PRISONER RIGHTS AND RECEIPT

| NUMBER | NAME (Last, First) | LOCATION/LOCK |
|---|---|---|
| A309330 | THOMAS, JAMEAL | HTF/H-2-62 |

**THIS IS TO NOTIFY YOU THAT YOUR PAROLE BOARD INTERVIEW IS SCHEDULED FOR** April 16-20, 2007 (DATE) in the ______ (a.m. or p.m.)

The purpose of this interview is to assist the parole board in reaching a parole decision. You have been provided a copy of your Pre-Sentence Investigation Report (s) (PSI) and your Parole Eligibility Report(s) (PER). You should review these reports as well as other relevant documents you may have (i.e. tickets, security classifications, letters of commendation; etc.) in order to prepare for this interview.

At all interviews, the parole board will consider the following factors:

1. Your statistical risk.
2. The crime(s) for which you are now serving.
3. Prior crimes (adult and/or juvenile) including behavior during prior probation, delayed sentenced, parole, or other community based programs.
4. Pending criminal charges or detainers.
5. Your institutional conduct (as reflected by misconduct reports, administrative segregation, actions taken on good time or disciplinary credits, security reclassification, etc.)
6. Your institutional program performance (academic, job assignments, vocational, therapy, counseling, substance abuse, etc.)
7. Your employment history and/or readiness for employment.
8. Your physical condition.
9. Your mental health or psychiatric history.
10. Your parole plans.
11. Your readiness to accept responsibility for your own actions — your maturity.
12. Any prior parole board actions in your case.
13. Other(s): ______

**You are expected to bring a copy of your therapy termination report to the Parole Board interview.**

## PRISONER INTERVIEW RIGHTS AND RECEIPT

1. You have the right to be interviewed by one member of the parole board.
2. You have the right to challenge information and present evidence concerning inaccurate or irrelevant information. You may also present additional information on your behalf. This information should be presented at your scheduled interview.
3. You have the right to receive the Notice of Intent to Conduct a Parole Board Interview at least 30 days prior to the interview. You may waive this 30 day notice and be interviewed as soon as possible. This document contains the Notice of Intent.
4. You may waive the scheduled parole board interview. If you waive the interview, your case will be considered by the parole board based on available information. A parole or denial of parole could result.
5. You have the right to have one representative of your choice appear with you at your interview. YOU may choose any one person except that state law says it may NOT be another PRISONER or an ATTORNEY. **Note: Children will not be allowed at the interview.**

   If you wish to have one representative at your interview, YOU are responsible for informing that person of the time and date indicated above. If the interview is scheduled for the morning, your representative MUST be present by 8:30 a.m. If your interview is scheduled for the afternoon, your representative MUST be present by 1:00 p.m.

**NOTICE: YOUR INTERVIEW WILL NOT BE DELAYED IF YOUR REPRESENTATIVE IS LATE OR CANNOT ATTEND ON THE DATE SCHEDULED. THE FACILITY WILL NOT NOTIFY YOUR REPRESENTATIVE — THAT IS YOUR RESPONSIBILITY.**

**CHECK ONLY THE APPROPRIATE BOXES**

☒ I understand that I can have one representative of my choice who is not another prisoner or an attorney. I assume the responsibility of notifying my representative of the date indicated above. I ☒ do ☐ do not plan to ask a representative to be present.

☒ I acknowledge the timely receipt of the 30 day Notice of Intent to Conduct a Parole Board Interview.

☐ I waive the 30 day Notice of Intent to Conduct a Parole Board Interview requirement. Please schedule me for an interview as soon as possible.

☐ I waive the right to this scheduled parole board interview. I understand that I am giving up the right to have a representative and to present information on my behalf and that the parole board will make its decision based on available information.

| Prisoner's Signature | Date | Witness Signature | Date |
|---|---|---|---|
| Jameal Thomas | 3-13-07 | AARON Bula | 03/13/2007 |

DISTRIBUTION: Parole Board, Prisoner, Record Office File, Counselor File

MICHIGAN DEPARTMENT OF CORRECTIONS PPP151
PAROLE GUIDELINES SCORESHEET Date: 02/13/2007
Page 1 PAB

| Number | Prisoner's Name | Location |
|---|---|---|
| 309330 | Thomas, Jameal | HTF H-2-62 |

Term:
You will have served more than 6 years on date of consideration, and are considered a Medium Term Prisoner

===============================================================================

ACTIVE SENTENCE VARIABLES

You were scored points for the following Aggravating Conditions:

| | |
|---|---|
| Property loss or damage exceeds $5,000(excluding joyriding) | ( -1 ) |
| More than two victims threatened or involved | ( -1 ) |
| Leader in multiple offender situation | ( -1 ) |
| Total Aggravating Points: | ( -3 ) |

===============================================================================

You were scored points for the following Mitigating Conditions:

NONE — Total Mitigating Points: ( 0 )

Total of Aggravating and Mitigating Points: ( -3 )

From Active Sentence Grid -3 Points for a Medium Term Prisoner calculates to an active sentence subtotal of: ( -2 )

Active Sentence Score: ( -2 )

===============================================================================

PRIOR CRIMINAL RECORD VARIABLES

| | |
|---|---|
| Assaultive misdemeanors committed after 17th birth day ( 0 to 1 = 0) (2 or more = 1) | ( 1 ) |
| Felony convictions (0 = 0) (1 = 1) (2 = 2) (3 or more = 3) | ( 1 ) |
| Assaultive Felony convictions (0 = 0) (1 = 1) (2 = 2) (3 or more = 3) | ( 1 ) |
| Probation, delayed sentence or parole failures (0 = 0) (1 or more = 1) | ( 1 ) |

On probation, parole, or delayed sentence at the time of instant

| Number | Prisoner's Name | Location |
|---|---|---|
| 309330 | Thomas, Jameal | HTF H-2-62 |

offense, or sentenced because of a probation violation
(no = 0) (yes = 1) ( 1 )

Juvenile commitments for non-status offense(s)
(0 = 0) (1 or more = 1) ( 1 )

Total Prior Criminal Record Points: ( 6 )

From Prior Criminal record grid 6 Points for a Medium Term Prisoner
calculates to a Prior Criminal Record score of: ( -1 )

==========================================================================

CONDUCT VARIABLES

Total Conduct Points: ( 0 )

From Conduct Grid 0 Points for a Medium Term Prisoner
calculates to a Conduct score of: ( 5 )

==========================================================================

STATISTICAL RISK VARIABLES

Your statistical Risk is Middle Assaultive Risk and
Middle Property Risk

From the Statistical Risk Grid: a Middle Assaultive Risk and
Middle Property Risk for a Medium Term Prisoner calculates to
Statistical Risk Score of ( 0 )

==========================================================================

AGE VARIABLE

Review Date: 08/18/2007

Birth Date: 07/04/1972

Prisoner's age at time of review: 35

From the Age Variable Grid: A 35 year old prisoner serving
a Medium Term calculates to Age Score of ( 1 )

==========================================================================

PROGRAMMING VARIABLES

You received a programming rating of A, At least one adequate, no inadequates

From the Programming Variable Grid: a A, At least one adequate, no inadequates

| Number | Prisoner's Name | Location |
|---|---|---|
| 309330 | Thomas, Jameal | HTF H-2-62 |

rating for a Medium Term Prisoner calculates to Total Programming score of: ( 2 )

================================================================================

MENTAL HEALTH VARIABLES

You were scored -5 due to mental health factors set forth in administrative rule 791.7716, section(g). ( -5 )

OR

Above factors exist and therapy reports indicate that significant improvement has occurred(-4)

(Cannot choose both of the above, must choose one or none)
Mental health score : ( -5 )

================================================================================

*** GUIDELINE SCORE BY SECTION ***

================================================================================

| | |
|---|---|
| Active Sentence Score: | ( -2 ) |
| Prior Criminal Record Score: | ( -1 ) |
| Conduct Score: | ( 5 ) |
| Statistical Risk Score: | ( 0 ) |
| Age Score: | ( 1 ) |
| Program Performance Score: | ( 2 ) |
| Mental Health Score: | ( -5 ) |
| --------------------------------------- | |
| Preliminary Parole Guidelines Score | ( 0 ) |

SUMMARY

PRELIMINARY PAROLE GUIDELINES SCORE = 0

FINAL PAROLE GUIDELINES SCORE = 4

(Your preliminary parole guideline score has been adjusted to final parole guidelines score of +4 because you are not serving for a CSC sentence, and your criminal history points are 6 or less and your conduct points are 0, or your criminal history points are 6 or less and your age is 45 years or greater.)

From the Parole Guidelines Score Grid: your guidelines score of 4

MICHIGAN DEPARTMENT OF CORREC[  ]NS
PAROLE GUIDELINES SCORESHEET

PP-1G1
Date: 02/13/2007
Page 4 PAB

| Number | Prisoner's Name | Location |
|---|---|---|
| 309330 | Thomas, Jameal | HTF H-2-62 |

calculates to: HIGH Probability of Parole.

MICHIGAN DEPARTMENT OF CORRECTIONS CSJ-123

# PAROLE ELIGIBILITY / LIFER REVIEW REPORT

10-03

| NUMBER | NAME (Last) | (First) | (M.I.) | DATE OF BIRTH | LOCATION |
|---|---|---|---|---|---|
| 309330 | Thomas | Jameal | | 07/04/1972 | HTF |

| ASSAULT RISK | PROPERTY RISK | PED (PA 670 Cases) | PMI / SGT Min. | PMX /SGT Max. | CALENDAR Min. | PRIOR PAROLE BOARD ACTION |
|---|---|---|---|---|---|---|
| M | M | None | 08/18/2005 | 10/31/2017 | | 29 24 |

| DATE OF REPORT | REPORT PREPARED BY | TITLE |
|---|---|---|
| 01/08/2007 | D. LALONDE | Assistant Resident Unit Supervisor |

[X] **Parole Eligibility Report** [ ] **Lifer Review Report**

Date of most recent security classification **09/20/2006** Security Class Screen is Current and Accurate [X] Yes

## ACTIVE OFFENSE(S)

**Provide a brief description (3-5 sentences of each active offense).**

| Prefix | Term | Offense | Date /Description | Accumulated Disciplinary Time |
|---|---|---|---|---|
| A | 2y - 2y | 750.227BA Felony Firearms | On 4/1/00, Detroit Police responded to a run at 18803 Gallagher in Detroit. Police observed the front window broken out and Patti Bell, mother of the victim inside the residence. Ms. Bell advised officers that the victim was in the basement of the residence shot in the head. EMS responded to the scene and pronounced the victim dead. Investigation revealed that Jameal Thomas and the victim had a child in common. The victim went to Thomas's residence at 18803 Gallagher on 3/31/00 to pick up money for the child. Thomas and the victim got into an argument and then Thomas bound and gagged the victim and then shot her in the head. | 0 |
| A | 5y - 20y | 750.159I1 Criminal Enterprise | The co-defendant, Vivienne Durant, began working for Standard Federal Bank in Troy, MI in April 1996. She was approached by Jameal Thomas' sister who advised her that Thomas would purchase stolen credit applications from her for $50 per application. The co-defendant eventually agreed to it and copied about 80 applications and sold them to Jameal Thomas between November 1998 and April 1999. Thomas was involved in a fraud ring that was under investigation by the FBI. The fraud ring used the information provided by the co-defendant to purchase expensive vehicles and obatin credit cards in these persons' names. | 0 |

Was the prisoner under sentence or criminal justice supervision at the time of the offense for any of the active sentences? [X] Yes [ ] No

If "Yes", provide summary of date and type of supervision: **Prisoner Thomas was on probation at the time he committed the Criminal Enterprise offense. He was out on two seperate felony bond cases when he committed the Felony Firearms offense.**

## PRIOR CRIMINAL RECORD

**Adult History:** [X] Number of Felony Convictions **[2]** Number of Misdemeanor Convictions **[1]** **Juvenile History: Yes**

Prior Conviction Categories: **(Check all that apply Juvenile/ Adult)** [X] Assaultive [ ] CSC [ ] Property [ ] Drugs/Alcohol [X] Weapons [ ] Other

## INSTITUTIONAL ADJUSTMENT

Number of major misconducts for active sentence(s) **1** Number of major misconducts since last PER was prepared **0**

Disposition of major misconducts since last PER was prepared: [ ] LOP [ ] Top Lock [ ] Restitution [ ] Extra Duty [ ] Detention

Security reclassification in the past five years at a MDOC facility.

| Date | Level | Date | Level | Date | Level |
|---|---|---|---|---|---|
| 09/20/2006 | I | 09/21/2005 | I | 09/24/2004 | I |
| 09/22/2003 | I | 09/16/2003 | I | 02/13/2003 | II |

Brief description of the prisoner's institutional adjustment for the active sentence(s), including reclasses to administrative segregation.

**Prisoner Thomas's overall institutional adjustment has been satisfactory.**

## PROGRAMMING

**Education:** *Reception Facility Recommendation:* [ ] GED [ ] Remedial [ ] Other [X] None

GED / ABE Involvement [ ] Yes [X] No [X] Has verified GED or High School Diploma [ ] Completed some College

GED Exemption Authorized [ ] Yes [X] No Estimated GED Completion Date

Comments: **Prisoner Thomas graduated from Detroit's Pershing High School.**

MICHIGAN DEPARTMENT OF CORRECTIONS CSJ-123

# PAROLE ELIGIBILITY / LIFER REVIEW REPORT

10-03

**Work Assignment:** *Reception Facility Recommended* [X] Yes [ ] No

Current Assignment: **Unassigned**

[ ] Involvement Adequate [ ] Involvement Poor [ ] Delayed for School

Comments: **Prisoner Thomas is currently on the waiting list for a job at HTF.**

**Vocational Counseling & Trades Programs:** *Reception Facility Recommended* [ ] Yes [X] No

Name of Program: ______ [ ] Enrolled [ ] Waiting List Date Completed ______

Comments: **Prisoner Thomas has completed the following vocational programs: Pre-Release - 12/4/06 ; Introduction to Computers - 8/9/05**

**Substance Abuse Program:** *Reception Facility Recommended* [ ] Yes [X] No

Name of Program: ______ [ ] Enrolled [ ] Waiting List Date Completed ______

Comments: **Prisoner Thomas has completed the following substance abuse programs: Phase I Substance Abuse - 3/13/02. He is currently on the waiting list for NA and Phase II Substance Abuse at HTF.**

**Psychological Counseling:** *Reception Facility Referral:* [ ] Yes [X] No Screening/Assessment Date: **09/01/2000**

AOT: Date Completed: **9/14/06** [ ] N/A

[ ] Enrolled [ ] Waiting List [ ] Does Not Meet Criteria

[ ] Not Available at this Facility [ ] Refused to Participate

SOT: Date Completed: ______ [ ] N/A

[ ] Enrolled [ ] Waiting List [ ] Does Not Meet Criteria

[ ] Not Available at this Facility [ ] Refused to Participate

**Other Programming:** ( List RTP, SSDU, Self-Help Programs, etc.)

**Prisoner Thomas has not completed any additional programs.**

**Overall Programming Performance:**

Has the prisoner completed all Reception Facility recommended programs [X] Yes [ ] No

Are at least 2/3 of all program reports above average: [X] Yes [ ] No

Comments

## COMMUNITY ADJUSTMENT

CRP Participation **No** Special Designation [ ] Yes [X] No No. of previous parole terms on active sentence(s) **0**

Brief description of the prisoner's adjustment to CRP and/or Parole for the Active Sentence(s):

**N/A**

## HEALTH CARE

Results from physical, mental and psychological / psychiatric exams have been requested for submission to the Parole Board? [X] Yes [ ] No

## FINANCIAL ASSETS

Prisoner has provided information of financial assets as required by the state Correctional Facility Reimbursement Act: [X] Yes [ ] No

## PAROLE PLANS

**Placement:**

| | Name/Relation: | Address: (Include zip code) | TX: |
|---|---|---|---|
| 1st Choice: | **Lisa Marie Thomas / Wife** | **3353 Coolidge Hwy., Royal Oak, MI 48073** | **(248) 435-3295** |
| 2nd Choice: | **Karen Thomas / Mother** | **3318 E. Brentwood, Detroit, MI 48234** | **(313) 893-2776** |

**Employment:**

| | Business/Contact Person | Address: | TX: |
|---|---|---|---|
| Employer: | **American Axle / Quran Mustaffa** | **1840 Holbrook, Detroit, MI 48212** | **(313) 226-2210** |

## OTHER CONSIDERATIONS

STG, Meritorious Acts, Homosexual Predator, etc:

**None**

## SUPERVISORY REVIEW AND APPROVAL

| Reviewed and Approved by | Title | Date of Approval |
|---|---|---|
| **David ST. Onge** | **RUM** | **1/9/2007** |

Distribution: Central Office File, Inst. Record Office, Counselor's File, Prisoner

PAROLE ELIGIBILITY REPORT

| MICHIGAN DEPARTMENT OF CORRECTIONS - Bureau of Health Care | | | | | Electronic CHJ-623 3/02 |
|---|---|---|---|---|---|
| Recommended Program: | X | AOP | Admission Date | Termination Date | Report Date |
| | | SOP | 09-15-05 | 09-15-06 | 09-04-06 |

| Reason for Termination: | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | X | Completed (30) | | Voluntary (51) | | Involuntary (53) | | Seg/Misconduct (57) | | Transfer (62) |
| | | Paroled (63) | | Therapist Left (66) | | Discharged (67) | | Max Benefits (71) | | |

| Attendance: | 47 | Sessions Attended | 0 | Excused Absences | 0 | Unexcused Absences |
|---|---|---|---|---|---|---|

*X - SEE ATTACHED NARRATIVE REPORT*

**General Group Participation:**

| | |
|---|---|
| X | Participated in group discussions in an active and meaningful way. |
| X | Showed willingness to learn, and help others learn, new ways of thinking, behaving, and managing feelings. |
| X | Provided honest, appropriate feedback. |
| X | Displayed empathy for other group members. |
| X | Openly disclosed relevant personal information, feelings, and thoughts. |
| X | Actively solicited feedback from other group members. |
| X | Completed assignments in a timely and satisfactory manner. |

**Progress Toward Goals/Objectives:**

I. Achieve better understanding and more effective management of your criminal behaviors.

| | | |
|---|---|---|
| X | A. | Demonstrated the ability to clearly describe any of your criminal behaviors in detail. |
| X | B. | Accepted complete responsibility for your criminal behaviors. |
| X | C. | Demonstrated willingness to seek and encourage feedback and support from fellow group members. |
| X | D. | Demonstrated ability to cope with group confrontation in non-defensive, non-threatening and appropriate manner. |
| X | E. | Demonstrated ability to produce non-criminal, appropriate responses to hypothetical situations. |
| X | F. | Demonstrated an institutional record free of misconduct while enrolled in therapy. |
| X | G. | Demonstrated the ability to clearly explain what led to your criminal behavior. |
| X | H. | Prepared a comprehensive plan for managing your criminal behavior. |

II. Achieve better understanding and more effective management of feelings which seem to be connected with your criminal behavior.

| | | |
|---|---|---|
| X | A. | Demonstrated the ability to properly identify, describe and label feelings, including the physical cues accompanying them. |
| X | B. | Demonstrated the ability to clearly describe the feelings associated with past criminal behaviors. |
| X | C. | Demonstrated the ability to clearly explain how your feelings played a role in your criminal behaviors. |
| X | D. | Demonstrated the ability to distinguish between feelings of powerlessness (hurt, fear, frustration) and anger. |
| X | E. | Demonstrated a willingness and readiness to tell the other group members when you experienced uncomfortable emotions. |
| X | F. | Demonstrated the ability to manage your anger both inside and outside of group sessions. |
| X | G. | Prepared a comprehensive plan for managing your feelings and anger. |

III. Achieve better understanding and more effective management of thoughts which seem to be connected to your criminal behavior.

| | | |
|---|---|---|
| X | A. | Demonstrated the ability to clearly describe the thoughts associated with your criminal behavior. |
| X | B. | Demonstrated the ability to clearly explain how your thoughts played a role in your criminal behavior. |
| X | C. | Demonstrated the ability to distinguish between thoughts associated with your criminal behaviors and those which are not. |
| X | D. | Demonstrated a willingness and readiness to tell the other group members when you experienced criminal thinking. |
| X | E. | Demonstrated the ability to manage your criminal thinking, both inside and outside of group sessions. |
| X | F. | Prepared a comprehensive plan for managing your criminal thinking. |

**THERAPY TERMINATION REPORT**
**CONFIDENTIAL**
*Page 1 of 3*

**Patient Identification**
Name: THOMAS, Jameal
Number: A-309330
D.O.B.: 07-04-72

cc: Health Record Prisoner Clinician Parole Board

**Criminal History/Etiology:** ***(Brief description of instant crime, criminal history, and background and personality factors which played a role. Include relevant psychological testing and diagnostic information, as needed)***

**PARTICIPATION DATA:** This inmate was first screened and enrolled into a thirteen-member Assaultive Offender Therapy Group on 09-15-05. He now, 09-15-06, completes his enrollment in this group which has met two hours weekly, on Thursday from 1:00 - 3:00 p.m. at Cooper Street Correctional Facility - Programs Building. Mr. Thomas is terminating assaultive offender group therapy at this time, due to his successful completion of all requirements for this program.

According to the MDOC Misconduct Summaries computer screen on 6-17-02 Mr. Thomas received misconducts for Assault and Battery on Staff and Fighting.

**HISTORY/BACKGROUND:** According to the PSI Mr. Thomas was raised in a single parent home. He had no contact with his biological father because he was absent because of his own choosing. He is the eldest in a sib ship of two. He describes his childhood relationship with his mother as "fair". He describes his current relationship with his mother as "good". He describes his childhood relationship and adult relationship with his sister as "good". He describes his childhood relationship with his father as "none". Current relationship with his father "fair". Mr. Thomas graduated from high school as scheduled in 1990 and verified by the public school record department. At the time of this arrest he was employed on a full-time basis. Client denies any history of drug or alcohol abuse or dependence. Recreational use of marijuana was reported starting at the 26 years of age. No history of addiction treatment noted or reported.

Mr. Thomas' assaultive criminal history dates back to 1988 (16 years of age) when he was convicted of Manslaughter as a juvenile. The defendant's first adult offense was Domestic Violence in 1998. The defendant was originally charged with Felonious Assault and Felony Firearm. The defendant pled guilty under advisement to Domestic Violence and was placed on one year probation. While under probation supervision, the defendant was convicted of Carrying Concealed Weapon and then placed on three years probation. Both probation terms were closed without improvement on August 31, 2000. On April 20, 2001 the defendant began serving a 5-20 year prison sentence. At that time Mr. Thomas had pending charges for two counts of Criminal Sexual Conduct 1st Degree (Weapon Used- Victim was his ex-wife) Kidnapping, and Felony Firearm; however all these charges were dropped.

Mr. Thomas was married in 1991 and divorce in 2000. He has three children as a result of this union. The PSI states that the reason for the separation with his wife in June of 1998 was that she believed that her husband and the mother of her husband's youngest child were romantically involved again. The current ages of his children are 10, 11, 15, and 18. He describes his relationships with them as "fair".

Mr. Thomas has a long history of criminal charges some of which include: Manslaughter, Receiving and Concealing Stolen Property over $100. Additionally numerous charges were dismissed due to the witnesses failing to appear some of which include: Operating a Chop Shop, Assault with Intent to Murder, Felony Firearm, Receiving, Concealing Stolen Property, Forgery of Licensed Documents, etc...

Mr. Thomas is currently serving time on sentences for 2 felony convictions some of which include: Conducting a Criminal Enterprise and Felony Firearm. Mr. Thomas sought and was granted an exception to participate in group psychotherapy to address his assaultive history, manslaughter, domestic violence, etc... A jury exonerated Mr. Thomas; regarding the murder of his sons mother. During the investigation one of his vehicles was impounded and a gun was found inside (unrelated to the murder) however he was charged with felony firearm. Additionally Mr. Thomas is attempting to correct several inaccuracies within his PSI one of which is that he confessed to the murder of his son's mother. Mr. Thomas was a motivated group member and addressed numerous childhood, family, individual and grief issues throughout the duration of this group therapy.

**MENTAL STATUS:** Mental status is generally unremarkable, with inmate being oriented times three. He is not showing signs of major mental illness. Memory, concentration and attention capabilities are functional. Mood and affect are within normal limits. No evidence of suicidal/homicidal thoughts or plans. No disturbances of thought process noted or reported.

**PSYCHOLOGICAL TESTING:** There are no recent test results available at the writing of this report.

| | |
|---|---|
| **THERAPY TERMINATION REPORT**<br>**CONFIDENTIAL**<br>***Page 2 of 3*** | **Patient Identification**<br>Name: THOMAS, Jameal<br>Number: A-309330<br>D.O.B.: 07-04-72 |

cc: Health Record Prisoner Clinician Parole Board

**OFFENSE DESCRIPTION:** Mr. Thomas is currently serving time for conducting a criminal enterprise and felony firearm non-violent offenses however he obtained an exception to obtain Assaultive Offender Group Therapy due to his history of domestic violence and manslaughter. The PSI crime description of his last assaultive offense is as follows: "In 1998 the defendant went to the complaints home to take diapers for their child. The defendant and complainant began to argue. The defendant hit the complainant in the left eye, bruising same. A witness attempted to break up the fight. The defendant then hit the witness in the mouth. The defendant was observed by the complainant taking out a hand gun and stated "what now." The defendant then left the scene."

**Group Therapy Progress:** ***(Description of prisoner's progress toward therapy program and individualized goals)***

**CLINICAL IMPRESSIONS/GROUP PERFORMANCE:** Inmate Thomas was a cooperative group member. He regularly solicited group attention upon himself and his issues. Mr. Thomas acknowledged guilt and responsibility for the instant offense. He discussed his offense, answered questions, and accepted feedback coming from other group members. He described how his thoughts and feelings played roles in his criminal behavior. He offered questions and insightful feedback to other group members while they would process their issues. He also has demonstrated awareness of the possible consequences; his behavior had and may continue to have, on his victim. He prepared a comprehensive plan for managing his thoughts, feelings and behaviors. Mr. Thomas's description of the offense was consistent with the PSI's Agents Description of the Offense. His overall progress during his group participation was Good, and he has met all requirements for completion of this program.

**Relapse Prevention Plan:** ***(Brief description of prisoner's plan. Include any relevant considerations regarding the feasibility or limitations of the plan and the prisoner's ability to follow it)***

Mr. Thomas, as with other group members, was given writing assignments to focus upon his offenses, contributing factors/dynamics, victimization consequences, and a variety of other group therapy agenda issues. He completed the homework assignments in a timely and thorough manner. He prepared a plan for managing his thoughts, feelings and behaviors. His relapse prevention plan seems feasible and he does have the ability to follow it, if he so chooses. He has demonstrated progress in group; however the responsibility for his living a productive, crime free lifestyle lies squarely on his shoulders. Readers may perhaps seek review of these writing assignments (relapse prevention plan, victim empathy letters) by direct request to Inmate Thomas.

**DIAGNOSTIC IMPRESSIONS:**

AXIS I: V71.01 -Adult Antisocial Behavior, in history.
AXIS II: V71.09 - No Diagnosis
AXIS III: See Medical Record.
AXIS IV: Problems related to interaction with the legal system/crime: incarceration.
AXIS V: CGAF: 65; PGAF: 50

**Conclusions/Recommendations:**

**RECOMMENDATIONS:**

If and when paroled, or otherwise released from prison, it is recommended that inmate Thomas continue therapy in the community with a confirmed mental health agency, and maintain a positive support network. It is also recommended that he continue participation in any eligible rehabilitative programming until released from prison. However, Mr. Thomas is not eligible for additional Assaultive Offender group psychotherapy programming with the MDOC Psychological Services Unit, due to his successful completion of this program.

| Joell Morrill MA, LLP | 10842 | 9-4-06 |
|---|---|---|
| *Joell Morrill, M.A., L.L.P. JCS Psychologist # 10842* | *Provider #* | *Date* |

| | |
|---|---|
| **THERAPY TERMINATION REPORT**<br>**CONFIDENTIAL**<br>***Page 3 of 3*** | **Patient Identification**<br>Name: THOMAS, Jameal<br>Number: A-309330<br>D.O.B.: 07-04-72 |

cc: Health Record Prisoner Clinician Parole Board

DN-177

# MICHIGAN DEPARTMENT OF CORRECTIONS
# CHJ 530 - NOTICE OF MENTAL HEALTH SERVICES

**FACILITY: JCS** **SITE: JCS**
**COMPLETED BY: Joell L. Morrill, MA** **09/14/2006 4:41 PM**

---

**Name:** THOMAS, JAMEAL **Date:** 09/14/2006

**Number:** 309330 **Institution:** JCS

## MENTAL HEALTH SERVICES PROVISION

The above prisoner has received mental health services in the form of:
**AOP Completion**

Comments:
**On 09-14-06 Mr. Thomas successfully completed Assaultive Offender Group Psychotherapy.**

Records of the above mental health services are confidential and can only be disclosed upon written authorizationby the prisoner, or by court order or subpoena, except under the circumstances noted below. Correctional institutional staff with a valid need to know may request information from the health record for purposes of security classification, transfer clearance, parole eligibility determination, program assignment, threat to safety or security of the prisoner or the institution. Staff receiving such information are responsible for safe-guarding it in the same manner required of all mental health services personnel. Requests should be directed to the supervisor of health records at the facility where the prisoner is housed. Prisoners actively in psychiatric or psychological treatment are not clear for transfer per DP-DWA-30.02.

Distribution: Central Office File; Institutional File; Counselor File; Prisoner

**NAME: THOMAS, JAMEAL**
**NUMBER: 309330**
**D.O.B: 07/04/1972**

15

JCS 6/20

SC

MICHIGAN DEPARTMENT OF CORRECTIONS CSJ-123

10/03

# PAROLE ELIGIBILITY / LIFER REVIEW REPORT

| NUMBER | NAME (Last) | (First) | (M.I.) | DATE OF BIRTH | LOCATION |
|---|---|---|---|---|---|
| 309330 | Thomas | Jameal | | 7-04-72 | JCS |

| ASSAULT RISK | PROPERTY RISK | PED (PA 670 Cases) | PMI / SGT Min. | PMX /SGT Max. | CALENDAR Min. | PRIOR PAROLE BOARD ACTION |
|---|---|---|---|---|---|---|
| Middle | Middle | | 08-18-05 | 10-31-2017 | | Initial |

| DATE OF REPORT | REPORT PREPARED BY | TITLE |
|---|---|---|
| 5-13-05 | T. Luna | ARUS |

**Parole Eligibility Report** **Date of most recent security classification 9-24-04** (Must ensure accurately reflects security lev

## ACTIVE OFFENSE(S)

**List Prefix, Term, Offenses, and provide a brief description (3-5 sentences of each active offense).**

| Prefix | Term | Offense | Date /Description | Accumulated Disciplinary Tim |
|---|---|---|---|---|
| A | 5y-20y | Conduct CRM ENT | November 1998 to April 1999 Thomas purchased copied credit card applications from co-defendant Vivienne Durant for $50 each. This fraud ring used the information provided to purchase expensive vehicles and obtain credit cards in. | |
| A | 1y-4y | FIN DEV USE (7 cts) | See above | |
| A | 1y-4y | VIO CR CRD Law (2 cts) | See above | |
| A | 2y-2y | Felony Firearms | 2000 Thomas's vehicle was at the Detroit Metro Airport and impounded. A gun was found in the vehicle. | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Was the prisoner under sentence or criminal justice supervision at the time of the offense for any of the active sentences? **No** If "Yes", provide summary of date and type of supervision: no

## PRIOR CRIMINAL RECORD

(Do Not Include Active Sentence)

**Adult History:** ☐ None Number of Felony Convictions **1** Number of Misdemeanor Convictions 1 **Juvenile History: Yes**

Prior Conviction Categories: **(Check all that apply Juvenile/ Adult)** ☒ Assaultive ☐ CSC ☐ Property ☐ Drugs/Alcohol ☒ Weapons ☐ Other

## INSTITUTIONAL ADJUSTMENT

Number of major misconducts for active sentence(s) 1 Number of major misconducts since last PER was prepared 0

Disposition of major misconducts since last PER was prepared: ☐ LOP ☐ Top Lock ☐ Restitution ☐ Extra Duty ☒ Detention
**(Check all that apply)**

List all security reclassification increases **(date & level)** in the past five years at a MDOC facility.

| | | | | | |
|---|---|---|---|---|---|
| 8-6-02 segregation | | | | | |
| | | | | | |

Brief description of the prisoner's institutional adjustment for the active sentence(s).

Prisoner Thomas has received 1 MMR while incarcerated, dated 6-17-2002.

## PROGRAMMING

**Education:** *Reception Facility Recommendation:* ☐ GED ☐ Remedial ☐ Other ☒ None

GED / ABE Involvement ☐ Yes ☐ No ☒ Has verified GED or High School Diploma ☐ Completed some College

GED Exemption Authorized ☐ Yes ☐ No Estimated GED Completion Date

Comments: Thomas is a High School Graduate

**Work Assignment:** *Reception Facility Recommended* ☒ Yes ☐ No Current Assignment:

☒ Involvement Adequate ☐ Involvement Poor ☐ Delayed for School

Comments: Prisoner is a porter in the unit. His reports are favorable. He does a good job in the unit.

| NUMBER | NAME (Last) | (First) | (M.I.) | DATE OF BIRTH | LOCATION |
|---|---|---|---|---|---|
| 30 | Thomas | Jameal | | 7-04-72 | JCS |

**Vocational Counseling & Trades Programs:** *Reception Facility Recommended* ☐ Yes ☒ No

Name of Program: ☐ Enrolled ☐ Waiting List Date Completed

Comments: N/A

**Substance Abuse Program:** *Reception Facility Recommended* ☐ Yes ☒ No

Name of Program: Phase 1 completed ☐ Enrolled ☐ Waiting List Date Completed 2001

Comments: Sassi score of 3

**Psychological Counseling :** *Reception Facility Referral:* ☐ Yes ☒ No Screening/Assessment Date:

AOT: Date Completed N/A SOT: Date Completed N/A

**Other Programming:** ( List RTP, SSDU, Self-Help Programs, etc.)

N/A

**Overall Programming Performance:**

Has the prisoner completed all Reception Facility recommended programs ☒ Yes ☐ No

Are at least 2/3 of all program reports above average: ☒ Yes ☐ No

Comments: Prisoner Thomas has only received positive reports.

## COMMUNITY ADJUSTMENT

CRP Participation No Special Designation No Number of previous parole terms on active sentence(s): 0

Brief description of the prisoner's adjustment to CRP and/or Parole for the Active Sentence(s):

Not applicable.

## HEALTH CARE

Results from physical, mental and psychological / psychiatric exams have been requested for submission to the Parole Board? Yes

## FINANCIAL ASSETS

Prisoner has provided information of financial assets as required by the state Correctional Facility Reimbursement Act: Yes

## PAROLE PLANS

**Placement:**

| | Name/Relation: | Address: (Include zip code) | TX: |
|---|---|---|---|
| 1st Choice: | Lisa Marie Thomas/ Wife | 3353 Coolidge Hwy Royal Oak MI 48073 | (248) 435-3295 |
| 2nd Choice: | Karen Thomas/ Mother | 3318 East Brentwood Detroit, Mi 48234 | (313) 893-2776 |

**Employment:**

| | Business/Contact Person | Address: | TX: |
|---|---|---|---|
| Employer: | American Axle/ Quran Mustaffa | 1840 Holbrook Detroit, MI 48212 | (888) 226-2210 |

## OTHER CONSIDERATIONS

STG, Meritorious Acts, Homosexual Predator, etc:

Thomas was a unionized worker for 5 yrs, American Axle,other employers will be provided at interview

## SUPERVISORY REVIEW AND APPROVAL

| Reviewed and Approved by | Title | Date of Approval |
|---|---|---|
| K. Malone | RUM | 5-13-05 |

| NUMBER | NAME (Last) | (First) | (M.I.) | DATE OF BIRTH | LOCATION |
|---|---|---|---|---|---|
| 3( | Thomas | Jameal | | 7-04-72 | JCS |

Distribution: Central Office File, Inst. Record Office, Counselor's File, Prisoner

**PAROLE ELIGIBILITY REPORT**

Michigan Department of Corrections
4835-6145
Rev. 03/1999 CFJ-145

# PRESENTENCE INVESTIGATION REPORT

Honorable: ULYSSES W BOYKIN
County: WAYNE
Sentence Date: 09/11/~~2000~~ 2001

Attorney: DAVID CRIPPS
Status: APPOINTED

Defendant: JAMEAL THOMAS
Age: 29
D.O.B.: 07/04/1972

## CURRENT CONVICTION(S)

| Docket # | Final Charge(s) | Attempt | Max | Jail Credit | Bond | Proposal B |
|---|---|---|---|---|---|---|
| 00-7047 | WEAPONS - FELONY FIREARMS | No | 2 | ~~11~~ 385 DAYS | No | Yes |

Convicted by: JURY
Date of Conviction: 08/28/2001
Habitual: No

Pending Charges: CSC 1ST DEGREE (2 CTS)/KIDNAPPING/FF
Pending Where: 3RD CIRCUIT COURT

Plea Agreement: NONE

## PRIOR RECORD

Convictions: # Felonies ~~11~~ 4
# Misdemeanors: 1
Juvenile Record: Yes

Probation: Active No
Former: Yes
Pending Violations: No

Parole: Active No
Former: No
Pending Violations: No

Current Michigan Prisoner: Yes
MDOC#: 309330

Currently Under Sentence: Offense SEE COMMENTS SECTION

Sentence 1) 5 - 20 YRS, 2) 1 - 4 YRS, 3) 1 - 4 YRS SPSM

## PERSONAL HISTORY

Education: 12
Employed: No
Where: N/A

Psychiatric History: No
Physical Handicaps: No
Marital Status: SEPARATED

Substance Abuse: Drugs No
How long: N/A
Alcohol Abuse: No
How long: N/A

PA511 ELIGIBLE : No

Investigating Agent: WOODSON D
Agent Phone: 224-0080
Caseload No.: 1926

## DEPARTMENT OF CORRECTIONS RECOMMENDATION

A period of incarceration is mandated by statute.

Consecutive sentencing may apply as the defendant was on bond on several pending felonies when he committed the instant offense.

Approval: ____________________ Date: ____________

Supervisor: AGNELLO G
Supervisor Phone: 224-2643

Local Computer #: N/A
1889.00
09/07/2001

**EVALUATION AND PLAN:**

Attached hereto and made a part thereof is a Presentence Investigation Report completed on February 11, 1999 for the Honorable Vera Massey Jones under Docket #98-5471. Any additions or corrections are contained herein.

The defendant, Jameal Thomas, is currently a Michigan Department of Corrections inmate serving ten concurrent felony convictions. The 29-year-old, separated male, acknowledges paternity of three children from his marriage and one child from a relationship with the deceased victim in the instant offense. The defendant is a high school graduate with past work experience as a press operator at American Axle Corporation. There is no history of drug or alcohol abuse. The defendant describes his overall mental and physical health as good.

The primary weakness in the defendant's background is his continued assaultive and criminal behavior. The defendant came to the attention of the Criminal Justice System at age 15, when he was committed to the Family Independence Agency (formerly Department of Social Services) on an adjudication for Manslaughter and RCSP. Since that time, the defendant has incurred numerous arrests for similar offenses as an adult. However, the defendant's first adult conviction was a misdemeanor conviction in 1999. The defendant was originally charged with Felonious Assault and Felony Firearm, in which the deceased victim was also the complainant in the instant case. The defendant pled guilty under advisement to Domestic Violence and was placed on one year probation. While under probation supervision, the defendant was convicted of Carrying Concealed Weapon under Docket #98-11049, and placed on three years probation. Both probation terms were closed without improvement on August 31, 2000. On April 20, 2001, the defendant began serving a 5 year to 20 year term at State Prison of Southern Michigan for Conducting a Criminal Enterprise, a 1 year to 4 year sentence for seven counts of Financial Transaction Device - Possession/Use Fraudulent Transaction Device, and a 1 year to 4 year term for two counts of Illegal Use/Sale of Credit Card Illegally Obtained under 6th Circuit Court Docket #99-166279-FH. It should also be noted that the defendant has a pending case in 3rd Circuit Court under Docket #00-0920 for the charges of two counts of Criminal Sexual Conduct 1st Degree (Weapon Used), Kidnaping, and Felony Firearm. A calendar conference is scheduled before Your Honor for September 11, 2001.

A period of incarceration is mandated by statute. The defendant is, therefore, unavailable for any community alternative programs.

Prognosis for future adjustment is highly guarded. At no time did the defendant make any verbal expressions of remorse for the death of the mother of his youngest child. A period of incarceration is mandated by statute. Consecutive sentencing may apply. There are no sentencing guidelines for this offense.

**AGENT'S DESCRIPTION OF OFFENSE:**

On April 1, 2000, at approximately 12:40 a.m., Detroit Police Officers responded to a run to 18803 Gallagher in the city of Detroit on information regarding a kidnaping. Upon arrival, police observed the front window broken out and Patti Bell, mother of the deceased, 27-year-old Shawn Moore, inside the residence. Ms. Bell advised the officers that the complainant was in the basement of the residence shot in the head. Emergency Medical Service was ordered and responded to the scene, pronouncing the complainant dead at the scene. The Wayne County Medical Examiner's Office determined the cause of death to be a gunshot wound to the head.

Investigation revealed that the defendant, Jameal Thomas, and the complainant have a child in common. The complainant went to the defendant's residence at 18803 Gallagher on March 31, 2000 to pick up money for the child. The defendant and the complainant got into an argument and the defendant bound and gagged the complainant and then shot her in the head. The complainant's mother indicated that her daughter had left her home at 17585 Oak Drive to go to 18803 Gallagher to see the defendant. The complainant's mother made a missing person report on the complainant and later went to 18803 Gallagher looking for the complainant. She states she broke out the front window of 18803 Gallagher, entered, and found the complainant's body in the basement of the residence unresponsive.

Adriane Patton and Aaron Mobley informed police that the complainant had informed them that she was on her way to the Gallagher address to meet the defendant and wanted to be called every ten to fifteen minutes on her cell phone to check on her. Aaron Mobley informed police that he went to 18803 Gallagher and saw the complainant's vehicle parked behind the defendant's vehicle, and that he blew his horn outside the residence to get the attention of the complainant. He saw a male walking towards the residence and he told the male that he wanted to see the complainant. He indicated that the defendant answered the door and told him that the complainant had gone shopping with his mother. Aaron Mobley left the scene and returned moments later and discovered both the complainant's vehicle and the defendant's vehicle gone from the location. The complainant's vehicle was later found at 8 Mile Road and Dequindre.

Witness Lisa Johnson informed police that she had received a telephone call from the defendant on March 31, 2000 around 6:00 p.m., in which he apologized for everything that he had done to her in the past. A three-way telephone conversation was made with the defendant, his mother, and Lisa Johnson, and the defendant told his mother that if anything happened to him that she was to give his insurance money to Ms. Johnson and their children.

The defendant was arrested at a later date. The defendant, during questioning, confessed to bounding, gagging, and shooting the complainant.

**CONSECUTIVE SENTENCING:**

The Wayne County Prosecutor's Office has not forwarded a statement regarding consecutive sentencing. However, at the time he committed the instant offense, the defendant was on two separate felony bond cases. Therefore, consecutive sentencing may apply.

**VICTIM'S IMPACT STATEMENT:**

Writer was unable to contact Patti Bell, mother of the deceased, 27-year-old Shawn Moore. However, Ms. Bell did provide the Wayne County Prosecutor's Office with a Victim's Impact Statement. Ms. Bell states she suffered emotional injuries as a result of discovering her child's body after the murder. She states that her daughter had been beaten beyond recognition, suffocated, and then shot twice. Ms. Bell relates that the defendant fully intended to kill her daughter and that the deceased suffering agonizing pain and no doubt fear before her death. She states that her grandson, Jaleal, age 4, was taken to counseling to assist in explaining the death of his mother. Ms. Bell indicates that she and her second daughter, Alice, will seek grief counseling. In terms of sentencing, she indicated that the defendant should have a life sentence without parole.

**DEFENDANT'S VERSION OF OFFENSE:**

The defendant was interviewed in the Wayne County Jail and he indicated that he did not wish to make a statement.

**CRIMINAL JUSTICE:**

**Youth Bureau:**

None.

**Juvenile History:**

| | |
|---|---|
| **Offense Date:** | October 29, 1988 |
| **Arrest Date:** | October 29, 1988 |
| **Arresting Agency:** | Inkster Police Department |
| **Arresting Charge(s):** | Manslaughter, RCSP over $100 |
| **Court of Jurisdiction:** | Wayne County Juvenile Court |
| **Final Charge(s):** | Manslaughter, RCSP over $100 |
| **Conviction Date/Method:** | October 10, 1989/Unknown |
| **Sentence/Disposition:** | Committed to Family Independence Agency (formerly DSS) |

| | |
|---|---|
| **Sentence Date:** | October 10, 1989 |
| **Attorney Present:** | Yes |
| **Discharge Date:** | October 19, 1990 |

**Adult History:**

| | |
|---|---|
| **Offense Date:** | September 13, 1993 |
| **Arrest Date:** | September 13, 1993 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | Operating a Chop Shop, RCSP over $100 |
| **Court of Jurisdiction:** | 36th District Court, Docket #93-65828 |
| **Final Charge(s):** | N/A |
| **Conviction Date/Method:** | N/A |
| **Sentence/Disposition:** | Dismissed on May 2, 1996, witness failed to appear. |
| **Sentence Date:** | N/A |
| **Attorney Present:** | Yes |
| **Discharge Date:** | N/A |

| | |
|---|---|
| **Offense Date:** | April 20, 1996 |
| **Arrest Date:** | April 20, 1996 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | Assault With Intent to Murder, Felony Firearm |
| **Court of Jurisdiction:** | 36th District Court, Docket #96-6003 |
| **Final Charge(s):** | N/A |
| **Conviction Date/Method:** | N/A |
| **Sentence/Disposition:** | Dismissed on May 6, 1996, witness failed to appear. |
| **Sentence Date:** | N/A |
| **Attorney Present:** | Yes |
| **Discharge Date:** | N/A |

| | |
|---|---|
| **Offense Date:** | October 18, 1997 |
| **Arrest Date:** | October 18, 1997 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | 4 Counts - RCSP over $100, Operating a Chop Shop, 2 Counts - Motor Vehicle Bad ID, 2 Counts - Forgery of Licensed Document |
| **Court of Jurisdiction:** | 3rd Circuit Court, Docket #97-9367, Judge Bruce Morrow |
| **Final Charge(s):** | N/A |
| **Conviction Date/Method:** | N/A |
| **Sentence/Disposition:** | Dismissed on May 13, 1998, witness failed to appear. |

| | |
|---|---|
| **Sentence Date:** | N/A |
| **Attorney Present:** | Yes |
| **Discharge Date:** | N/A |

| | |
|---|---|
| **Offense Date:** | May 1, 1998 |
| **Arrest Date:** | May 1, 1998 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | Felonious Assault, Felony Firearm |
| **Court of Jurisdiction:** | 3rd Circuit Court, Docket #98-5471; Judge Vera Massey Jones |
| **Final Charge(s):** | Domestic Violence |
| **Conviction Date/Method:** | January 20, 1999/Plea Under Advisement |
| **Sentence/Disposition:** | 1 Year Probation |
| **Sentence Date:** | February 11, 1999 |
| **Attorney Present:** | Yes |
| **Discharge Date:** | August 31, 2000 |

**Narrative:**

On June 24, 1999, a warrant for Violation of Probation was approved, charging new criminal activity. At a hearing on January 4, 2000, probation was continued for one year. On February 9, 2000, a second warrant was issued. At a hearing on August 31, 2000, the probation case was closed without improvement.

| | |
|---|---|
| **Offense Date:** | May 13, 1998 |
| **Arrest Date:** | May 13, 1998 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | RCSP over $100 |
| **Court of Jurisdiction:** | 3rd Circuit Court, Docket #98-11034 |
| **Final Charge(s):** | N/A |
| **Conviction Date/Method:** | N/A |
| **Sentence/Disposition:** | Dismissed on November 18, 1999, other jurisdiction. |
| **Sentence Date:** | N/A |
| **Attorney Present:** | Yes |
| **Discharge Date:** | N/A |

| | |
|---|---|
| **Offense Date:** | September 17, 1998 |
| **Arrest Date:** | September 17, 1998 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | Carrying Concealed Weapon |

| | |
|---|---|
| **Court of Jurisdiction:** | 3rd Circuit Court, Docket #98-11049, Judge Vera Massey Jones |
| **Final Charge(s):** | Carrying Concealed Weapon |
| **Conviction Date/Method:** | October 18, 1999/Pled Guilty |
| **Sentence/Disposition:** | 3 Years Probation |
| **Sentence Date:** | November 18, 1999 |
| **Attorney Present:** | Yes |
| **Discharge Date:** | August 31, 2000 |

**Narrative:**

On February 9, 2000, a warrant for Violation of Probation was issued. At a violation hearing on June 8, 2000, the probation case was closed without improvement.

| | |
|---|---|
| **Offense Date:** | April 5, 1999 |
| **Arrest Date:** | April 5, 1999 |
| **Arresting Agency:** | Oakland County Sheriff |
| **Arresting Charge(s):** | Conducting Criminal Enterprise, 7 Counts - Financial Transaction Device, 2 Counts - Illegal Use/Sale Credit Cards |
| **Court of Jurisdiction:** | 6th Circuit Court, Docket #99-166279-FH |
| **Final Charge(s):** | Conducting Criminal Enterprise, 7 Counts - Financial Transaction Device, 2 Counts - Illegal Use/Sale Credit Cards |
| **Conviction Date/Method:** | Unknown |
| **Sentence/Disposition:** | 5 Years to 20 Years, 1 Year to 4 Years, 1 Year to 4 Years State Prison of Southern Michigan |
| **Sentence Date:** | April 20, 2001 |
| **Attorney Present:** | Yes |
| **Discharge Date:** | N/A |

| | |
|---|---|
| **Offense Date:** | December 27, 1999 |
| **Arrest Date:** | December 27, 1999 |
| **Arresting Agency:** | Detroit Police Department |
| **Arresting Charge(s):** | 2 Counts - Criminal Sexual Conduct 1st Degree (Weapon Used), Kidnaping, Felony Firearm |
| **Court of Jurisdiction:** | 3rd Circuit Court, Docket #00-0920, Judge Ulysses Boykin |
| **Final Charge(s):** | N/A |
| **Conviction Date/Method:** | N/A |
| **Sentence/Disposition:** | Calendar conference scheduled for September 11, 2001. |
| **Sentence Date:** | N/A |

**Attorney Present:** Yes
**Discharge Date:** N/A

**Probation Adjustment:**

The defendant has served two prior probation terms. On February 11, 1999, he was sentenced to one year probation for the charge of Domestic Violence. On November 18, 1999, he was sentenced to three years probation on the charge of Carrying Concealed Weapon in a Motor Vehicle. On February 9, 2000, a warrant for Violation of Probation was approved, charging the defendant with threatening the life of his estranged spouse, Lisa Johnson, abducting her from her home, and raping her. That case is currently pending and scheduled for a calender conference on September 11, 2001 under Docket #00-0920. The defendant was formally charged with two counts of Criminal Sexual Conduct 1st Degree (Weapon Used), Kidnaping, and Felony Firearm. The defendant's probation cases were closed without improvement on August 31, 2000. Despite being employed full-time and earning $20.00 per hour, the defendant failed to pay any monies toward court costs or his crime victim's assessment fee.

**Gang Involvement:**

The defendant denies any affiliation with a gang.

**CREDIT FOR TIME SERVED:**

| **Time Served** | **Location** | **Dates** | **Total Days** |
|---|---|---|---|
| Instant Case | Detroit Police Department/ Wayne County Jail | 04/03/2000 - 04/13/2000 | 11 days |
| | | **Total Jail Credit** | **11 days** |

**FAMILY:**

See the attached Presentence Investigation Report.

**MARRIAGE:**

See the attached Presentence Investigation Report.

It should be noted that Shawn Moore, mother of the defendant's youngest child, Jaleal Thomas, is the deceased victim in the instant offense. The defendant's estranged wife, Lisa Johnson, is the complainant in the Criminal Sexual Conduct 1st Degree, Kidnaping, and Felony Firearm case which is presently pending in 3rd Circuit Court.

Please refer to the attached Presentence Investigation Report for further information regarding background information on the defendant.

/flc