UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEAL THOMAS,
    Plaintiff,

Civil Action No. 07-13396

vs.

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE STEVEN D. PEPE

JOHN S. RUBITSCHUN, BARBARA S.
SAMPSON, JAMES QUINLAN, MIGUEL
BERRIOS, JAMES ATTERBERRY,
    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S COMBINED MOTION FOR IMMEDIATE
CONSIDERATION AND MOTION FOR ORDER REQUIRING DEFENDANTS
TO VIDEO RECORD PLAINTIFF'S AUGUST 2008 PAROLE INTERVIEW (DKT. #25)**

Jameal Thomas is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who is serving a two year sentence for felony firearm which runs consecutive to a 5-20 year sentence for conducting a criminal enterprise (Dkt. #24, Ex. 1, pp. 29, 49). The Michigan Parole Board has denied Plaintiff parole. Plaintiff has brought a 42 U.S.C. § 1983 and § 1988 lawsuit seeking declaratory and injunctive relief in which he is claiming that the Defendant members of the Michigan Parole Board violated his due process rights in violation of the Fifth and Fourteenth Amendments by denying him parole for a crime which he did not commit and by inaccurately describing the property crime which he did commit.

On July 7, 2008, Plaintiff filed combined motion for immediate consideration and for an order requiring Defendants to video record Plaintiff's August 2008 parole interview (Dkt. #25). All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #9). In a Report and Recommendation ("RR") issued this date, the

undersigned has recommended that this case be dismissed for failure to state a claim because a §1983 plaintiff must allege the violation of a right secured by federal laws or the United States Constitution, *West v. Atkins,* 487 U.S. 42, 48 (1988), and Plaintiff has failed to allege such a right.[1] It is alsl believed this August parole hearing has already occurred. Accordingly, for both of these reasons, Plaintiff's present motion is **DENIED** as moot.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: August 29, 2008　　　　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Prisoners have no general federal constitutional right to parole or a parole hearing. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Institute v. Ohio State Adult Parol Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). States may, create a liberty interest through regulations and procedural rules that limit the discretion of state officials in making parole decisions. *See Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Bills v. Henderson*, 631 F.2d 1287, 1291 (6th Cir. 1980). Yet, it is well established that Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*); *Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 689 (Mich. App. 1999).
Therefore, "even if the Parole Board relied on inaccurate information to deny [Plaintiff] parole," *Caldwell v. McNutt,* 158 Fed. Appx. 739, 741, 2006 WL 45275, *1 (6th Cir. 2006), or failed to follow its own policy directives during the parole hearing, *Moran v. McGinnis*, 1996 WL 304344, *2 (6th Cir 1996), it did not violate any liberty interest protected by the due process clause of the United States Constitution.

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 8/29/08 .

<span style="margin-left:50%">s/Jermaine Creary<br>Deputy Clerk</span>