UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEAL THOMAS,

Plaintiff,

Civil Action No. 07-13396

vs.

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE STEVEN D. PEPE

JOHN S. RUBITSCHUN, BARBARA S. SAMPSON, JAMES QUINLAN, MIGUEL BERRIOS, JAMES ATTERBERRY,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR SUMMARY JUDGMENT (DKT. #24)**

Jameal Thomas is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who is serving a two year sentence for felony firearm which runs consecutive to a 5-20 year sentence for conducting a criminal enterprise (Dkt. #24, Ex. 1, pp. 29, 49). The Michigan Parole Board has denied Plaintiff parole. Plaintiff has brought a 42 U.S.C. § 1983 and § 1988 lawsuit seeking declaratory and injunctive relief in which he is claiming that the Defendant members of the Michigan Parole Board violated his due process rights in violation of the Fifth and Fourteenth Amendments by denying him parole for a crime which he did not commit and by inaccurately describing the property crime which he did commit.

On June 11, 2008, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or in the alternative under Fed. R. Civ. P. 56 because the complaint fails to state a claim upon which relief can be granted or in the alternative there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law (Dkt. #24). Plaintiff has failed to

file a response to the present motion. All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #9). For the reasons stated below, it is **RECOMMENDED** that Defendants' motion be **GRANTED** and the complaint be **DISMISSED** for failure to state a claim.

## I. BACKGROUND

On February 9, 2000, Plaintiff states he pled guilty to "seven counts of STEALING RETAINING a FINANCIAL TRANSACTION DEVICE, MCL 750.157N1; MSA 28.356, two counts of ILLEGAL SALE/USE of a FINANCIAL TRANSACTION DEVICE, MCL 750.157Q; MSA 28.354(16) and one count of CONDUCTING A CRIMINAL ENTERPRISE, MCL 750.15911; MSA 28.354(14)," in the Oakland County Circuit Court (Dkt. #1, pp. 2-3, ¶ 9). On April 14, 2000, in the Oakland County Circuit Court, Plaintiff indicates he was sentenced to serve 13-20 years in prison for the conducting a criminal enterprise charge and 1-4 years on the remaining charges, all to run concurrently. (*Id*. at ¶ 11). Plaintiff states that on April 20, 2001, he was re-sentenced to a lesser term of imprisonment of 5-20 years in prison on the conducting a criminal enterprise charge, to run concurrently with the 1-4 sentences on the remaining counts. (*Id.* at ¶ 12).

On April 1, 2000, Plaintiff was arrested and charged with first degree murder and felony firearm in connection with the shooting death of his youngest child's mother in the City of Detroit, County of Wayne. (*Id.* at ¶ 10). Plaintiff states that on August 28, 2001, in Wayne County Circuit Court, he was acquitted by a jury of the first degree murder charge, but was found guilty of felony firearm. (*Id.* at ¶ 13; Ex. A, Order of Acquittal).

Plaintiff challenges the reasons justifying the denial of his parol contained in the Parole

Board Notice of Decision forms dated June 27, 2005 (Dkt. #1, Ex. B) and May 15, 2007 (Dkt. #1, Ex. C; Dkt. #24, Ex. 1, p. 3). In the May 15, 2007, denial, the Michigan Parole Board gave the following reasons for the parole denials:

> **SUBSTANTIAL AND COMPELLING REASONS FOR GUIDELINE DEPARTURE:**
> The PGS's do not reflect the magnitude of the seriousness of this crime. P needs to develop a better sense of empathy, remorse, and insight into his crime in order to reduce his risk.
>
> **REASONS IN SUPPORT OF PAROLE BOARD ACTION:**
>
> **<u>Crime & Criminal Behavior</u>**
> **The assaultive crime:**
> Resulted in a loss of life
> Involved a family member or acquaintance
> Involved the touching with or discharge of weapon
> Showed intent to permanently injure
>
> **The property crime:**
> Was associated with violence
> Involved the presence of a weapon(s)
> Shows betrayal of trust
> Placed the victim in physical danger
>
> **The prisoner has a criminal history:**
> Of assaultive conviction(s) as juvenile
> Has become progressively more dangerous
> Including a weapon or weapons
> Of violent misdemeanors
>
> **<u>Correctional Adjustment</u>**
> **The prisoner's prior post conviction corrections history includes:**
> Commission of crime while under supervision
> Assaultive behavior on parole/probation
> A history of probation failure
>
> **<u>Personal History</u>**
> **The prisoner has a history of substance abuse which:**
> Is of long standing duration

(Dkt. #24, Ex. 1, pp. 3-4). The two items challenged by Plaintiff supporting the Michigan Parole

Boards' decision to deny parole, the property crime and assaultive crime notations, are contained in both the 2005 and 2007 decisions.

Plaintiff claims that because he was acquitted of first degree murder, the Michigan Parole Board violated his due process rights when they stated that his crime was an assaultive crime which resulted in the loss of life, involved a family member or acquaintance, involved the discharge of a weapon, and showed an intent to permanently injury. But in making this argument, Plaintiff ignores the fact that Plaintiff's Pre-Sentence Investigation Report for his felony firearm conviction fully supports this description of Plaintiff's crime (Dkt. #24, Ex. 1, pp. 19-28).

In regards to the Plaintiff's allegation that his property crime of conducting a criminal enterprise is improperly described in the two Notices of Action denying him parole, the Michigan Parole Board concedes that this is true and is ready to take action on its own initiative to correct this error. Attached to Defendants' motion is the affidavit of Barbara S. Sampson, the Chairperson of the Parole Board, Michigan Department of Corrections, Lansing Michigan (Dkt. #24, Ex. 2). Ms. Sampson indicates she reviewed the Case Summary Report from Plaintiff's most recent parole consideration interview conducted the week of April 16, 2007. As a result of this review, she concludes the assessments noted in the property crime description are inaccurate. She has directed her staff to correct the inaccuracies in the Case Summary Report, thus giving a factual description of the property crime with which Plaintiff was convicted. Moreover, as a result of the inaccuracies, the Michigan Parole Board will afford Plaintiff with a new Parole Board Interview. The Parole Board Members will be advised that the property crime does not involve the elements set forth in the May 15, 2007, Notice of Decision.

It should also be noted that Plaintiff's complaint sets forth no factual allegations concerning the manner in which previous parole interviews were conducted. The only paragraph in Plaintiff's complaint that even remotely addresses the manner in which the parole interview was conducted is paragraph 28 which provides:

> 28. Defendant's are cavalier in their attitude of conducting Plaintiff's parole board interviews in a manner which violates his right to due process.

But this very general allegation is unsupported by any other factual averments. The following are all the averments in Plaintiff's complaint that relate to the parole interview:

> 14. On June 20, 2005 in Jackson, Michigan a single Parole Board member, Enid Livingston, conducted a parole board interview with Plaintiff.
>
> 15. At the interview, Mrs. Livingston discussed Plaintiff's offense, remorse related to the crime, and plan for release from prison if granted parole release.
>
> 16. Plaintiff indicated that he accepted full responsibility for his action and expressed considerable contrition for his actions and victims involved in his crime.
>
> 17. At the conclusion of the interview, Mrs. Livingston asked Plaintiff if he had been acquitted of the 1st Degree murder charge, Plaintiff responded "yes," Mrs. Livingston then informed Plaintiff that he should be notified of a decision within 45 days.
>
> 21. On April 20, 2007, a single Parole Board member, John Schlinker, conducted a second parole board interview with Plaintiff in Kincheloe, Michigan.
>
> 22. At the interview, Mr. Schlinker discussed Plaintiff's bank fraud convictions. When Plaintiff attempted to interject during the interview his concerns regarding the Parole Board's past use of a murder charge that he was acquitted of by a jury in denying parole, Mr. Schlinker advised Plaintiff that he was aware of the acquittal on the murder charge and that he was innocent in his eyes and that there was no reason to discuss that charge. At the close of the interview, Mr. Schlinker informed Plaintiff that he would receive a decision within 45 days.
>
> 40. Defendants at Plaintiff's first parole interview did discuss the murder that Plaintiff was acquitted of and did so even though Plaintiff had no prior knowledge that the murder charge he was acquitted of was going to be the topic of discussion

> at the parole interview. Plaintiff also was not aware that the murder charge discussed at the interview was going to be the reason for denying parole. Nor does the Notice of Intent to Conduct a Parole Board Interview state that the Parole Board will be considering a crime of which Plaintiff was acquitted. See Exhibit D, Notice of Intent to Conduct a Parole Board Interview (2005 and 2007).
>
> 45. Denying parole release and conducting a parole interview based on erroneous, inaccurate and false information violates Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

None of these paragraphs allege much less provide any factual support for the parole interview being improperly conducted.

## II. ANALYSIS

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny*

*Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (*per curiam*) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly*, notes that under a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a "'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

Prisoners have no general federal constitutional right to parole or a parole hearing. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Institute v. Ohio State Adult Parol Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). States may create a liberty

interest through regulations and procedural rules that limit the discretion of state officials in making parole decisions. *See Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Bills v. Henderson*, 631 F.2d 1287, 1291 (6th Cir. 1980). Yet, it is well established that Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*); *Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 689 (Mich. App. 1999).

Therefore, "even if the Parole Board relied on inaccurate information to deny [Plaintiff] parole," *Caldwell v. McNutt*, 158 Fed. Appx. 739, 741, 2006 WL 45275, *1 (6th Cir. 2006), or failed to follow its own policy directives during the parole hearing, *Moran v. McGinnis*, 1996 WL 304344, *2 (6th Cir 1996), it did not violate any liberty interest protected by the due process clause of the United States Constitution.

A §1983 plaintiff must allege the violation of a right secured by federal laws or the United States Constitution, *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has failed to allege a due process claim or any other federal statutory or constitutional claim. Thus, Plaintiff's §1983 due process claims should be dismissed.[1]

## III. RECOMMENDATION

---

[1] Plaintiff asserted his due process claims under both the Fourteenth and Fifth Amendments. Yet, "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *See generally Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)." *Scott v. Clay County*, Tenn. 205 F.3d 867, 873 (6th Cir. 2000). Therefore, Plaintiff's "citation to the Fifth Amendment Due Process Clause was a nullity . . . ." and should also be dismissed. *Id.*

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion be **GRANTED** and the complaint be **DISMISSED** for failure to state a claim. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: August 29, 2008
Ann Arbor, Michigan

s/Steven D. Pepe
United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 8/29/08 .

s/Jermaine Creary

Deputy Clerk