UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEAL THOMAS,

    Plaintiff,

Civil Action No. 07-13396

vs.

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE STEVEN D. PEPE

BARBARA S. SAMPSON,
sued in her official capacity, JOHN S. RUBITSCHUN,
JAMES QUINLAN, MIGUEL BERRIOS
and JAMES ATTERBERRY,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S RULE 56(F) MOTION (DKT. #59)

Jameal Thomas is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who is serving a two year sentence for felony firearm which runs consecutive to a 5-20 year sentence for conducting a criminal enterprise (Dkt. #24, Ex. 1, pp. 29, 49). The Michigan Parole Board has denied Plaintiff parole. On December 1, 2008, Plaintiff filed a First Amended Complaint in which he brings a 42 U.S.C. § 1983 action against Defendant Sampson seeking declaratory and injunctive relief claiming that his liberty interest was violated when agents of the Defendant based their determination to deny parole on an arrest that did not result in conviction (Dkt. #53). Plaintiff alleges that agents of the Defendant also violated due process when they relied on erroneous information in denying parole. Finally, Plaintiff contends he had a substantive due process interest that his parole denial would not be based upon erroneous information.

1

Defendant Barbara Sampson is the Chairperson of the Michigan Parole Board. She is being sued in her official capacity as the Chairperson and as the person responsible for ensuring that the Parole Board uses only accurate information in the consideration of a prisoner, such as Plaintiff, for parole. Plaintiff contends that Defendant Sampson is directly responsible for the administration and operation of the Michigan Parole Board pursuant to M.C.L. § 791.231.

On June 11, 2008, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or in the alternative under Fed. R. Civ. P. 56 because the complaint fails to state a claim upon which relief can be granted or in the alternative there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law (Dkt. #24). After securing an attorney, Plaintiff sought leave to file an amended response to the motion to dismiss, which was granted (Dkt. #52). Accordingly, Plaintiff filed his response to Defendants' dispositive motion on December 4, 2008 (Dkt. #54) and Defendant Sampson filed a reply on December 16, 2008 (Dkt. #58). All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #9).[1] For reasons more fully stated in a Report and

---

[1] The undersigned originally issued a Report and Recommendation ("R&R") on Defendants' June 11, 2008, dispositive motion on August 29, 2008 (Dkt. #31). In the R&R, I indicated that "Plaintiff has failed to file a response to the present motion." Plaintiff filed various objections to the R&R including his assertion that he hand-delivered his response to prison officials for expedited mailing on June 30, 2008. Upon review, Judge Duggan discovered a "Judge's Copy" of Plaintiff's response in his case file. No such copy was submitted to the undersigned. Judge Duggan's "Judge's Copy" was marked as being filed by the Clerk's Office on July 3, 2008, but was never electronically filed. Judge Duggan remedied this defect in the electronic case file and Plaintiff's response is now document 38 in the docket. Because my August 29, 2008, R&R does not consider Plaintiff's response, Judge Duggan once again referred the matter to me on September 24, 2008, for consideration in light of Plaintiff's response (Dkt. #39).

Recommendation ("R&R") issued on this same date, it is recommended that Defendants' dispositive motion be granted and Plaintiff's First Amended Complaint be dismissed for failure to state a claim.

On December 18, 2008, Plaintiff filed a motion under Fed R Civ P 56(f), seeking to postpone a ruling on Defendants' dispositive motion (Dkt. #24) and allow Plaintiff to engage in "limited" discovery (Dkt. #59). As discussed above, in their motion, Defendants moved to dismiss under Rule 12(b)(6) or in the alternative under Rule 56(b). Rule 56(f) applies only to motions for summary judgment. For motions brought under Rule 12(b)(6), discovery is irrelevant. Unlike a motion for summary judgment, a motion to dismiss simply addresses the sufficiency of the pleadings. Here, Defendants moved for dismissal under Rule 12(b)(6). Summary judgment was merely an alternative ground for dismissing Plaintiff's action.

Surviving a Rule 12(b)(6) motion for dismissal requires more than bare assertions of legal conclusions. *Scheid v Fanny Farmer Candy Shops, Inc*, 859 F2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* Here, the Defendants primarily assert that Plaintiff's complaint fails to set forth a claim. Contrary to Plaintiff's assertion that "Defendant seems to concede that Plaintiff has a liberty interest as set forth in MCLA 791.235(3)," (Dk. #59, p. 2), the Defendants position is that no liberty interest has been implicated by the pleadings in this case.

The R&R on Defendants' dispositive motion ultimately agrees with Defendants' position and concludes that Plaintiff has no liberty interest in being paroled, because in Michigan parole is discretionary. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton v. Brown*, 27 F.3d 1162,

1164-65 (6th Cir. 1994) (*en banc*); *Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 689 (Mich. App. 1999); *see also Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001).  And because there is no liberty interest in parole in the first place, there cannot be a liberty interest in how parole consideration is evaluated. *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept.17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole).  Thus, even when considering all the facts set forth in the First Amended Complaint in Plaintiff's favor, he fails to set forth a claim under any viable legal theory.

While the R&R does discuss some of the exhibits attached to both parties pleadings, it is because Plaintiff fails to state a claim in his First Amended Complaint that the R&R ultimately recommends that Plaintiff's case be dismissed.  Indeed, after discussing the relevant case law in the Sixth Circuit holding that there cannot be a liberty interest in how parole consideration is evaluated, that Court states "for this reason alone, and without the need to consult any outside evidence, Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)."  Accordingly, because this matter can be decided on purely 12(b)(6) grounds, without reference to outside evidence, and without the need to convert the motion to one under Rule 56(b), there is no need to consider Defendants' alternative motion for summary judgment.  Accordingly, Plaintiff's Rule 56(f) motion is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d).  Any objections are required to

4

specify the part of the Order to which the party objects and state the basis of the objection.

**SO ORDERED.**

Date: February 23, 2009                                       s/Steven D. Pepe
Ann Arbor, Michigan                                           United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 23, 2009.

                                                            s/Jermaine Creary
                                                            Deputy Clerk