UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEAL THOMAS,

    Plaintiff,

v.                                         Case No. 07-13396

JOHN S. RUBITSCHUN, BARBARA S.     Honorable Patrick J. Duggan
SAMPSON, JAMES QUINLAN, MIGUEL
BERRIOS, and JAMES ATTERBERRY,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 6, 2009.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Jameal Thomas ("Plaintiff"), a state prisoner, filed this civil action against defendants pursuant to 42 U.S.C. § 1983 on August 15, 2007. In his complaint, Plaintiff alleged that defendants violated his constitutional liberty interest when they relied on an arrest that did not result in conviction to deny him parole. On January 7, 2008, this Court referred all pre-trial proceedings in this case to Magistrate Judge Steven D. Pepe. As part of the pre-trial proceedings, Magistrate Judge Pepe considered defendants' Motion to Dismiss and/or Summary Judgment and Plaintiff's Rule 56(f) Motion to Postpone Ruling

on Defendant's Motion for Summary Judgment.[1]

On February 23, 2009, Magistrate Judge Pepe issued both an order denying Plaintiff's Rule 56(f) Motion and a Report and Recommendation ("R&R") recommending that this Court grant Defendant's Motion to Dismiss. Plaintiff filed an appeal of the denial of his Rule 56(f) Motion on March 8, 2009, and objections to the R&R on March 9, 2009. In his objections, Plaintiff asserts that the R&R properly recognizes his liberty interest in having parole denials be based on something other than erroneous information but argues that the R&R incorrectly concludes that erroneous information was not the sole reason for his parole denial. Plaintiff further argues in his appeal of the Rule 56(f) Motion that discovery is necessary to clarify the actual reasons he was denied parole.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). In regard to Plaintiff's appeal of a non-dispositive motion, the Court is required to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**I. Objections to the R&R**

Plaintiff's primary objection to the R&R–that Magistrate Judge Pepe erroneously concluded that inaccurate information was not the sole reason for his parole denial–relies on a faulty legal premise. In framing his factual objection to the R&R, Plaintiff states that

---

[1] The term "Defendant" refers to Barbara Sampson. On December 1, 2008, Plaintiff filed a First Amended Complaint seeking declaratory and injunctive relief against Barbara Sampson only. Based on the First Amended Complaint, then, there are no claims remaining against the other four defendants named in the August 15, 2007, complaint.

"[t]he *Report and Recommendation* does not reject Plaintiff's legal argument that he has a due process liberty interest in parole consideration . . . ." (Pl.'s Obj. at 5, 10.)  To the contrary, however, the R&R states, "even if the Parole Board relied on inaccurate information to deny Plaintiff parole or failed to follow its own policy directives during the parole hearing, it did not violate any liberty interest protected by the due process clause of the United States Constitution." (R&R at 12 (quotations and citations omitted).)

The Court agrees with Magistrate Judge Pepe's legal conclusion that Plaintiff has failed to allege a violation of a "protected liberty interest." To succeed on his claim, Plaintiff must establish that he was deprived of a protected liberty interest without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 296 (6th Cir. 2006). Given the discretion retained by the Michigan Parole Board, *see* Mich. Comp. Laws Ann. § 791.235, the Sixth Circuit has frequently declined to recognize a protected liberty interest in the parole process. *See, e.g.*, *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) ("That Michigan parole authorities 'arbitrarily' failed to follow their own state procedural standards could constitute a violation of state law but not federal law."); *Bullock v. McGinnis*, 5 Fed. Appx. 340, 342 (6th Cir. 2001) ("[S]ince Bullock has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a civil rights claim based upon the denial of parole."). Indeed, facing allegations almost identical to those made by Plaintiff in the present case, the Sixth Circuit has twice refused to find the existence of a protected liberty interest. *Caldwell v. McNutt*, 158 Fed. Appx. 739, 741 (6th Cir. 2006) ("[E]ven if the Parole Board relied on

3

inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, 111 Fed. Appx. 415, 417 (6th Cir. 2004) ("Because there was no constitutional violation, . . . Echlin could not bring a § 1983 action to challenge the information considered by the parole board."). Having failed to allege a deprivation of a protected liberty interest, Plaintiff has failed to state a claim upon which relief may be granted and his arguments regarding the factual details of his claim are inapposite. Consequently, Defendant's motion to dismiss must be granted.

**II. Appeal of the Order Denying Plaintiff's Rule 56(f) Motion**

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff moved to stay consideration of Defendant's Motion for Summary Judgment on grounds that discovery was necessary to identify the actual reasons the Parole Board denied him parole in November 2008. As discussed above, Plaintiff has failed to allege deprivation of a protected liberty interest even if the Parole Board relied on inaccurate information. Therefore, the Court cannot conclude that Magistrate Judge Pepe's order denying Plaintiff's Rule 56(f) Motion is clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 56(f) Motion is **DENIED**.

A judgment consistent with this opinion shall issue.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

Daniel E. Manville, Esq.
Charles C. Schettler, Jr., Esq.
Kevin R. Himebaugh, Esq.