Case: 09-1626 Document: 006110616739 Filed: 05/03/2010 Page: 1

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 09-1626

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 03, 2010**
LEONARD GREEN, Clerk

JAMEAL THOMAS,

Plaintiff-Appellant,

v.

JOHN S. RUBITSCHUN, Chairman, Michigan Parole Board; BARBARA S. SAMPSON, Successor Chairman, Michigan Parole Board; JAMES B. QUINLAN, Member, Michigan Parole Board; MIGUEL BERRIOS, Member, Michigan Parole Board; JAMES ATTERBERRY, Member, Michigan Parole Board,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: MERRITT and COLE, Circuit Judges; FORESTER, District Judge.*

Jameal Thomas appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

Thomas pleaded guilty to one count of conducting an enterprise through a pattern of racketeering activity, seven counts of stealing and/or retaining a financial transaction device, and two counts of illegally selling and/or using a financial transaction device. *See* Mich. Comp. Laws

---

*The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

§§ 750.157n(1), 750.157q, 750.159i(1). He received a sentence of five to twenty years of imprisonment for those convictions. While he was awaiting sentencing, Thomas was arrested and charged with first degree murder and a felony firearm offense. He was acquitted of the murder charge, but a Michigan jury convicted him of the firearm offense. *See* Mich. Comp. Laws § 750.227b. Thomas received a consecutive two-year sentence for that offense.

Thomas filed his civil rights case in 2007, initially suing the chairman and members of the Michigan Parole Board. In an amended complaint, however, he indicated that the only defendant was the current chairperson of the board. Thomas alleged that his constitutional rights were violated because he was denied parole based solely on the alleged factual background of his murder charge, even though he had not been convicted of that charge. The district court adopted a magistrate judge's recommendation and dismissed the case on April 6, 2009. *See* Fed. R. Civ. P. 12(b)(6). It is from this judgment that Thomas now appeals.

We review the dismissal of this case *de novo*. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). However, a complaint is not sufficient if it merely presents conclusory allegations and legal conclusions masquerading as facts. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Thomas notes that a prisoner may raise a civil rights claim regarding parole procedures under § 1983, as long as the claim does not affect the validity or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Thus, he argues that the denial of parole results in an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, the *Sandin* analysis does not apply to claims that are based on the denial of parole. *Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007). Instead, these types of claims are controlled by precedent which holds that there is no constitutional right to be conditionally released on parole before the end of a sentence. *Id.* at 378.

The district court properly held that Thomas does not have an inherent constitutional right to parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

Case: 09-1626 Document: 006110616739 Filed: 05/03/2010 Page: 3



Moreover, the Michigan parole scheme does not create an expectation of parole that is sufficient to trigger a constitutionally protected liberty interest. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 & n.1 (6th Cir. 1994) (en banc). This is so because the decision to grant or deny parole in Michigan is discretionary. *Id.* (quoting Mich. Comp. Laws § 791.235(1)).

Nevertheless, Thomas now argues that the following language in the Michigan parole statute gives rise to a constitutionally protected liberty interest:

> (3) The parole board may consider but shall not base a determination to deny parole solely on either of the following:
> (a) A prisoner's marital history.
> (b) Prior arrests not resulting in conviction . . . .

Mich. Comp. Laws § 791.235(3).

Thomas argues that the defendant violated the mandatory language in this section of the statute by relying on disputed information regarding his prior murder charge, even though he was not convicted of that charge. However, the statute merely prohibits basing a parole determination "solely" on a prior arrest that did not result in a conviction. Indeed, the statute provides that the board "may consider" such an arrest in combination with other factors. Hence, the cited language in § 791.235(3) is insufficient to support Thomas's due process claim, as that language does not require "that a particular result is to be reached upon a finding that the substantive predicates are met." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 464 (1989).

Thomas also argues that his substantive due process rights were violated because he was denied parole based on inappropriate information. He argues that the parole board's decision shocks the conscience because it is arbitrary and capricious. The right to substantive due process may protect an inmate from arbitrary denials of parole that are based on constitutionally impermissible criteria such as race and religion. However, Thomas's claim is not based on a suspect classification and the decision to deny him parole does not shock the conscience. *See Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995).

Thomas did not have a constitutional right to extensive due process protections regarding his release on parole. *See Sweeton*, 27 F.3d at 1164-65. As a result, the parole board did not violate his constitutional rights, even if it relied on inaccurate information to deny him parole. In the

absence of a constitutional violation, Thomas has not raised a cognizable claim for relief under 42 U.S.C. § 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

Finally, Thomas argues that the district court should have allowed more time for discovery by granting his motion to postpone a ruling on the defendant's motion to dismiss. He asserts that further discovery was needed to explore inconsistencies in the board's rationale for denying parole. However, the court dismissed the case because Thomas failed to raise a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6). In so ruling, it properly noted that arguments regarding the factual details of his claims were inapposite because his claims did not involve the violation of a constitutional right. Thus, the court acted within its discretion by not allowing time for further discovery. *See Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 03, 2010

Jameal Thomas
Marquette Branch Prison
1960 U.S. Highway 41, S.
Marquette, MI 49855

Re: Case No. 09-1626 , *Jameal Thomas v. John Rubitschun, et al*
Originating Case No. : 07-13396

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013
Fax No. 513-564-7096

cc: Mr. David J. Weaver

Enclosure

Mandate to issue